**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| ALAN B. MARCUS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>J.C. PENNEY COMPANY, INC., MYRON E. ULLMAN, III, and KENNETH H. HANNAH,<br><br>Defendants. | **Civil Action No. 6:13-cv-00736-KNM** |
| ERHAN ERDEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>J.C. PENNEY COMPANY, INC., MYRON E. ULLMAN, III, and KENNETH H. HANNAH,<br><br>Defendants. | **Civil Action No. 6:13-cv-00750-KNM** |
| BRUCE MURPHY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>J.C. PENNEY COMPANY, INC., MYRON E. ULLMAN, III, KENNETH H. HANNAH, and WILLIAM ACKMAN,<br><br>Defendants. | **Civil Action No. 6:13-cv-00800-KNM** |

(caption continued on next page)

| | |
|---|---|
| SHAWN GILBERT, Individually and on Behalf of All Others Similarly Situated,<br><br>   Plaintiff,<br><br>  v.<br><br>J.C. PENNEY COMPANY, INC., MYRON E. ULLMAN, III, and KENNETH H. HANNAH,<br><br>   Defendants. | **Civil Action No. 6:13-cv-00810-KNM** |

**REPLY MEMORANDUM IN SUPPORT OF THE MOTION OF J.C. PENNEY INVESTOR GROUP TO BE APPOINTED LEAD PLAINTIFF AND TO APPROVE PROPOSED LEAD <u>PLAINTIFF'S CHOICE OF COUNSEL</u>**

JCPIG,[1] comprised of Cavanaugh Webb and Jeanette Zohar Stavropoulos, submits this memorandum in further support of its motion to (1) appoint it as the Lead Plaintiff; (2) approve its selection of Brower Piven as Lead Counsel and Puls & Liebrecht as Liaison Counsel for the Class; and in reply to the oppositions of other competing lead plaintiff movants.[2]

## ARGUMENT

### I.  JCPIG IS THE PRESUMPTIVE LEAD PLAINTIFF AND THE PRESUMPTION HAS NOT BEEN AND CANNOT BE REBUTTED

#### A. JCPIG Has By Far The Largest Losses Of Any Movant

Based on the submissions of each lead plaintiff movant, JCPIG is the "most adequate plaintiff" within the meaning of the PSLRA, as it has suffered the largest loss ($605,270.00) of any lead plaintiff movant using the methodology mandated by *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 338 (2005), and approved and recognized as the appropriate method for calculating losses in various jurisdictions around the country. *See* JCPIG Opp. at 1-2. Calculating JCPIG's losses under the improper methods employed by other movants still results in JCPIG possessing a substantially larger financial interest in the relief sought than Aletti, the second largest movant. *See id.* Under any methodology, Mr. Webb from JCPIG, ***individually***, possesses a financial interest substantially larger than any other movant. *See id.* at 2 n.10 (stating that JCPIG's members have agreed to also have the Court consider his/her losses and be appointed as lead plaintiff individually, citing cases where courts have chosen one plaintiff or smaller groups with significant holdings from among members of movant groups).

#### B. JCPIG Is Both Adequate And Typical

---

[1] All capitalized terms have the same meaning as in the Memorandum In Further Support Of The Motion Of The J.C. Penney Investor Group To Be Appointed Lead Plaintiff And To Approve Proposed Lead Plaintiff's Choice Of Counsel ("JCPIG Opp."), Dkt. No. 39.

[2] On December 2, 2013, pursuant to the PSLRA, eight movants each timely filed motions for consolidation and appointment as lead plaintiff and lead counsel, including: (1) JCPIG; (2) Aletti; (3) the Aguilar Group; (4) Ifantides; (5) the Saso Group; (6) Pension; (7) Clute; and (8) Ahmed.  Only three movants have opposed JCPIG's motion.  On December 19, 2013, Ifantides filed his opposition to the competing motions.  Dkt. No. 37 ("Ifantides Opp."). On December 20, 2013, Pension and Aletti filed their oppositions.  Dkt. Nos. 40 ("Pension Opp."), 41 ("Aletti Opp.").

As previously explained, JCPIG meets the "typicality" and "adequacy" requirements of Fed. R. Civ. P. 23, JCPIG Opp. at 5-7; JCPIG Motion at 11-13, and is the presumptive lead plaintiff. *In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002) ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status…").  No movant has rebutted the presumption in favor of JCPIG which "can be rebutted 'only upon ***proof*** by a member of the purported plaintiff class' that the presumptive lead plaintiff 'will not fairly and adequately protect the interests of the class' or is subject to 'unique defenses' that prevent the plaintiff from adequately representing the class." *Sofran v. Labranche & Co.*, 220 F.R.D. 398, 403 (S.D.N.Y. 2004).

JCPIG satisfies courts' requirements for a "group" to act as lead plaintiff.  JCPIG Opp. at 6-7 (citing cases).  With courts' only concern being a lead plaintiff group's ability to coordinate its members' efforts once actually appointed to prosecute the litigation, group members' relationship prior to moving for appointment is not particularly relevant.  In determining a proper group, courts have concluded that "a group consisting of previously unrelated persons may be acceptable as a lead plaintiff candidate so long as the group is relatively small and therefore presumptively cohesive." *See Rozenboom v. Van Der Moolen Holding, N.V.,* No. 03-8284, 2004 U.S. Dist. LEXIS 6382, at *11 (S.D.N.Y. Apr. 14, 2004) (citing *Weltz v. Lee*, 1909 F.R.D. 129, 133 (S.D.N.Y.)); *In re Oxford Health Plans Inc., Sec. Litig.*, 182 F.R.D. 42, 46 (S.D.N.Y. 1998).  These courts have noted that the "text of the PSLRA does not limit the composition of a 'group of persons' to those only with a pre-litigation relationship, nor does the legislative history provide a sound enough foundation to support such a gloss." *See In re Versata, Inc. Sec. Litig.*, No. 01-1439, 2001 U.S. Dist. LEXIS 24270, at *17 (N.D. Cal. Aug. 17, 2001)(citing *In re Baan Sec. Litig.,* 186 F.R.D. 214, 216 (D.D.C. 1999)). *See also In re Centerline Holding Co.*, No. 08-505, 2008 U.S. Dist. LEXIS 36406, at *10, *14 ("Groups of unrelated investors are acceptable if they otherwise meet the requirements of the PSLRA"; "there is no evidence of inter-group antagonism that would prevent the [group] from functioning effectively, and the group

2

has sufficient interest in the outcome of the case to ensure vigorous advocacy."); *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 100 (S.D.N.Y. 2005) ("a small group of unrelated investors may serve as lead plaintiff, assuming they meet the other necessary requirements"). Thus, the majority of courts have permitted unrelated investors to join together as a group seeking lead-plaintiff status on a case-by-case basis, if such a grouping would best serve the class. *See also Varghese v. China Shenghuo Pharms. Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008) (citing *Oxford*, 182 F.R.D. at 49 ("Because the PSLRA does not recommend or delimit a specific number of lead plaintiffs, the lead plaintiff decision must be made on a case-by-case basis….")).

While lead plaintiff groups have been appointed without declarations showing cohesiveness,[3] before any competing movant complained about JCPIG's group status, JCPIG's two members signed separate sworn declarations demonstrating JCPIG's cohesiveness through their agreement: to prosecute these Actions together; to consult with each other and counsel regarding the prosecution of this litigation; how they will share information; how they will manage the litigation and oversee counsel as a group; and how decisions will be made and executed. *See* Ex. A to Second Puls Decl. Thus, JCPIG clearly fulfills the two concerns – cohesiveness and manageability – expressed by courts when appointing a group as lead plaintiff. *See, e.g., Local 144 Nursing Home Pension Fund v. Honeywell Int'l, Inc.*, No. 00-3605, 2000 U.S. Dist. LEXIS 16712, at *13-*14 (D.N.J. Nov. 16, 2000). The competing movants' attacks on JCPIG are completely without merit, *see* Infantides Opp. at 6-8[4];

---

[3] *See In re Universal Access, Inc.*, 209 F.R.D. 379, 386-87 (E.D. Tex. 2002) (appointing a six member group); *Holley v. Kitty Hawk, Inc.*, 200 F.R.D. 275, 281 (N.D. Tex. 2001) (appointing four plaintiffs); *Netsky v. Capstead Mortg. Corp.*, No. 3:98-1716, 2000 U.S. Dist. LEXIS 9941, at *30 (N.D. Tex. July 12, 2000) (appointing a group of eight who did not provide declarations on cohesiveness).

[4] Infantides' cases are distinguishable. Infantides Opp. at 6. In *Buettgen v. Harless*, 263 F.R.D. 378, 381 (N.D. Tex. 2009), unlike here, the group failed to "present evidence that the members of the group have ever communicated in a meaningful way. . . . [I]nstead of explaining how they are prepared to work together to manage this litigation on behalf of the proposed class, the Buettgen Group submitted essentially boilerplate certifications discussing their stock purchases and alleged losses." Thus, the court there was "left with little additional understanding of, for example, how the group was formed; how its members would function collectively; how potential disputes among the members or counsel

Pension Opp. at 9-13[5]; Aletti Opp. 9-11,[6] and JCPIG is well suited to be appointed Lead Plaintiff.

## II. The Other Motions Should Be Denied

The other movants have total claimed losses considerably less than JCPIG, and therefore, are not the "most adequate plaintiff." Further, even if Aletti's claimed losses exceeded those of JCPIG, which they do not, Aletti is subject to unique defenses that render it ineligible to be appointed as lead plaintiff. *See* JCPIG Opp. at 8-15; Ifantides Opp. at 3-6; Pension Opp. at 3-9. The Declaration of Francesco Betti, Dkt. No. 41-1, does not remedy any of Aletti's unique defenses. Similarly, as pointed out by Pension, Ifantides "is similarly ineligible for appointment as lead plaintiff based upon his atypical trading strategy during the Class Period." *See* Pension Opp. at 2, 13-14 (discussing persistent day-trading and short-selling).

---

would be resolved; and the mechanisms by which the group members and counsel would communicate with one another about the litigation." *Id.* at 382 (N.D. Tex. 2009). *See also In re Tarragon Corp. Sec. Litig.*, No. 07-07972, 2007 U.S. Dist. LEXIS 91418, at *3 (S.D.N.Y. Dec. 6, 2007) ("Other than that each of the two groups is represented by a set of lawyers, no information is provided. There is no evidence that the members of these groups have ever communicated with other members of their respective group or will do so in the future."). In *In re Razorfish, Inc.*, 143 F. Supp. 2d 304 (S.D.N.Y. 2001), there was evidence that the group was cobbled together by several firms with no declarations submitted showing otherwise. *Id.* at 307. However, the *Razorfish* court did choose one plaintiff from the group as the sole lead plaintiff, *id.* at 311, which goes against Infantides' argument that carving out a member of a group, like Mr. Webb here, is inappropriate. *See* Infantides Opp. at 7-8. *See also* JCPIG Opp. at 2 n.10. In *Darwin v. Taylor*, No. 12-01038, 2012 U.S. Dist. LEXIS 152838, at *17-*18 (D. Colo. Oct. 23, 2012), the court rejected plaintiff's tardy attempt to supplement his transactions to increase his loss much like courts have rejected movants' efforts to "manipulate the size of their financial loss by enlarging the class period or adding additional persons to a 'group' in supplemental filings." *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 819 (N.D. Ohio 1999). JCPIG's submission of its members' declarations is not an effort to manipulate the size of JCPIG's losses.

[5] Pension's cases are also distinguishable, as they simply hold, as Pension concedes, that for a group to be appointed, it must demonstrate cohesiveness, *see* Pension Opp. at 9-10, which JCPIG has done here. Further, Pension's argument that there is no evidence that the members of JCPIG ever communicated is belied by the individual declarations of each member of JCPIG. Also, a court may exercise "maximum flexibility to select a lead plaintiff who will best represent the interests of the class and exercise control of the litigation," *In re MicroStrategy, Inc.*, 110 F. Supp. 2d 427, 435 (E.D. Va. 2000), and JCPIG's members' agreement to have the Court consider their losses as a group or individually should the Court desire does not deem JCPIG inadequate. *See* JCPIG Opp. at 2 n.10. Further, in *Schriver v. Impac Mortg. Holdings, Inc.*, No. 06-31, 2006 U.S. Dist. LEXIS 40607, at *29 (C.D. Cal. May 1, 2006), the court rejected counsel's suggestion to appoint fewer than all members of the group because those members' losses were smaller than those of other movants.

[6] Aletti makes the same meritless arguments against JCPIG as both Pension and Infantides.

4

Moreover, while the concerns of lawyer driven-litigation are implicated by the PSLRA, here, where the members of JCPIG have clearly demonstrated their cohesiveness and manageability, JCPIG's serving as lead plaintiff poses no risk whatsoever to its counsel running roughshod over its members' sworn commitments to oversee the litigation.  On the other hand, Pension which claims over 400 million in assets and only a $49,305 loss (using the proper *Dura* method), slightly more than one thousandth of a percent of its assets, is hardly motivated to expend the effort and money necessary to oversee this litigation.[7]  On the other hand, the members of JCPIG not only have suffered losses over 12 times those of Pension (using the proper method for determining a financial interest in the outcome of the case), but based on communications between undersigned counsel and JCPIG's members, it is clear their losses represent a substantial percentage of their invested assets such that their motivation to monitor their counsel to ensure zealous effort on behalf of the class is much stronger than Pension's whose clear fiduciary priority is to expend its efforts to maximize the return on the other 99.99% of its assets, especially when Pension knows that whomever of the qualified counsel representing the competing movants prosecutes this case will do so not only for the benefit of the lead plaintiff movant that firm represents, but for every member of the class, including Pension.  It is this substantial financial interest in the outcome of the litigation measured by both motivation and actual larger losses that must drive the Court's selection of JCPIG as Lead Plaintiff.  *In re Razorfish*, 143 F. Supp. 2d at 310 ("If selected as lead plaintiff, his modest stake is unlikely to provide the kind of incentive for close supervision of counsel that the Reform Act contemplates . . .").

## CONCLUSION

Thus, JCPIG respectfully requests that the Court: (1) appoint it to serve as Lead Plaintiff; (2) approve its selection of Brower Piven as Lead Counsel and Puls & Liebrecht as Liaison Counsel; and (3) grant such other and further relief as the Court may deem just and proper.

---

[7] Aletti's legitimate motivation to expend any effort to recover the Funds' $316,260 *Dura* loss, about six 100,000$^{ths}$ of a percent of its *managed* $5 billion in assets, is far less than Pension's motivation.

Dated: December 30, 2013                    Respectfully Submitted,

                                      **PULS & LIEBRECHT, P.C.**

                                        /s/   W. Kelly Puls
                                      W. Kelly Puls
                                      State Bar No. 16393350
                                      *Attorney-in-charge*
                                      1407 Texas Street, Ste. 102
                                      Fort Worth, Texas 76102
                                      Telephone: (817) 338-1717
                                      Facsimile: (817) 332-1333
                                      Email: kpuls@pulslaw.com

                                      *Counsel for JCPIG and*
                                      *Proposed Liaison Counsel for the Class*

                                      **BROWER PIVEN**
                                        A Professional Corporation
                                      David A.P. Brower (*pro hac vice* to be filed)
                                      475 Park Avenue South, 33rd Floor
                                      New York, New York 10016
                                      Telephone: (212) 501-9000
                                      Facsimile:  (212) 501-0300
                                      Email: brower@browerpiven.com

                                      **BROWER PIVEN**
                                        A Professional Corporation
                                      Charles J. Piven (*pro hac vice* to be filed)
                                      1925 Old Valley Road
                                      Stevenson, MD 21153
                                      Telephone: (410) 332-0030
                                      Facsimile:  (410) 685-1300
                                      Email: piven@browerpiven.com

                                      *Counsel for JCPIG and*
                                      *Proposed Lead Counsel for the Class*

**CERTIFICATE OF SERVICE**

  I hereby certify that this Reply Memorandum In Support Of The Motion Of The J.C. Penney Investor Group To Be Appointed Lead Plaintiff And To Approve Proposed Lead Plaintiff's Choice Of Counsel was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and electronically sent to those indicated as non-registered participants on December 30, 2013.

                 /s/ W. Kelly Puls
                 W. Kelly Puls