UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ALAN B. MARCUS, Individually and on Behalf of All Others Similarly Situated, | § § § | Civil Action No. 6:13-cv-00736 |
| Plaintiff, | § § | <u>CLASS ACTION</u> |
| vs. | § § | |
| J.C. PENNEY COMPANY, INC., et al., | § § § | |
| Defendants. | § § | |
| ERHAN ERDEM, Individually and on Behalf of All Others Similarly Situated, | § § § | Civil Action No. 6:13-cv-00750 |
| Plaintiff, | § § § | <u>CLASS ACTION</u> |
| vs. | § § | |
| J.C. PENNEY COMPANY, INC., et al., | § § § | |
| Defendants. | § § § | |

[Caption continued on following page.]

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF**

| | | |
|---|---|---|
| SHAWN GILBERT, Individually and on Behalf of All Others Similarly Situated, | § | Civil Action No. 6:13-cv-00810 |
| | § | |
| | § | CLASS ACTION |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| J.C. PENNEY COMPANY, INC., et al., | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

## TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ...................................................................................................1

II.    ARGUMENT ........................................................................................................1

       A.     The Pension Fund Is the "Most Adequate Plaintiff" ................................1

       B.     Aletti Gestielle SGR Is Ineligible for Appointment as Lead Plaintiff ....................2

       C.     The JCP Investor Group Cannot Be Appointed as Lead Plaintiff ..........................5

       D.     Mr. Ifantides Is Ineligible for the "Most Adequate Plaintiff" Presumption ...........5

III.    CONCLUSION.....................................................................................................5

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Buettgen v. Harless*,
    263 F.R.D. 378 (N.D. Tex. 2009) ...............................................................................2

*In re Bard Assocs., Inc.*,
    2009 U.S. App. LEXIS 26289 (10th Cir. Dec. 2, 2009) ............................................2

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001) .......................................................................................5

*In re Enron Corp., Sec. Litig.*,
    206 F.R.D. 427 (S.D. Tex. 2002) .......................................................................1, 2, 5

*Steamfitters Local 449 Pension Fund v. Cent. European Distrib. Corp.*,
    2012 U.S. Dist. LEXIS 118693 (D.N.J. Aug. 22, 2012) ........................................4, 5

*Tsirekidze v. Syntax-Brillian Corp*,
    2008 U.S. Dist. LEXIS 118562 (D. Ariz. Apr. 4, 2008) ...........................................2

*United States v. El-Mezain*,
    664 F.3d 467 (5th Cir. 2011) .....................................................................................3

*United States v. Rodriguez*,
    602 F.3d 346 (5th Cir. 2010) .....................................................................................2

*Valley Forge Christian Coll. v. Ams. United for Separation of Church & State*,
    454 U.S. 464 (1982) ...................................................................................................4

*W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*,
    549 F.3d 100 (2d Cir. 2008) ....................................................................................4, 5

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
    §78u-4(a)(3)(B)(iii)(I) .................................................................................................1
    §78u-4(a)(3)(B)(iii)(II) ...............................................................................................2

Federal Rules of Civil Procedure
    Rule 23 .....................................................................................................................1, 5

# I.       INTRODUCTION

Of the remaining four lead plaintiff applicants, the National Shopmen Pension Fund (the "Pension Fund") is the ***only*** movant that has a substantial financial interest in the relief sought by the class ***and*** satisfies the typicality and adequacy requirements of Rule 23 at this stage.  15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  Indeed, no other movant opposed the Pension Fund's motion for any reason other than the fact that it does not claim the largest loss.  *See* Dkt. Nos. 37, 39, 41.[1]

By contrast, a majority of the other movants concur that each is either subject to unique defenses or did not meet their burden to demonstrate typicality and adequacy.  For example, there is a consensus that Aletti Gestielle SGR is subject to unique defenses and is atypical based on the fact that it is an Italian investment manager.  *See* Dkt. Nos. 37 at 3; 39 at 8; 40 at 3-9.  Nor does Aletti Gestielle SGR's declaration – submitted well after the PSLRA motion deadline with an opposition brief rather than with its motion, as required – cure these defects.  *See infra* §II.B.

Likewise, two of the remaining movants concur with the Pension Fund that the JCP Investor Group has not "shown that their grouping is not a manipulated effort to aggregate larger losses."  *In re Enron Corp., Sec. Litig*., 206 F.R.D. 427, 455 (S.D. Tex. 2002) (Harmon, J.).  *See* Dkt. Nos. 37 at 6; 40 at 9-13; 41 at 9.  In fact, their tardy declarations – again, submitted after the motion deadline with an opposition brief – confirm that the individuals did not speak to one another until 15 days after their "group" filed a motion.  *See* Dkt. No. 39-1,¶6.  And, Mr. Ifantides is ineligible for appointment as lead plaintiff because of his atypical trading strategies during the Class Period.

The Pension Fund is entitled to the PSLRA's most adequate plaintiff presumption and no movant even attempted to rebut that presumption.  The Pension Fund's motion should be granted.

# II.      ARGUMENT

## A.      The Pension Fund Is the "Most Adequate Plaintiff"

None of the other movants challenged the Pension Fund's ability to serve as lead plaintiff in this case.  *See* Dkt. Nos. 37, 39, 41.  Indeed, "other than pointing out its relatively low[er] financial

---

[1]     In addition to the Pension Fund, the remaining movants are: (1) the JCP Investor Group comprised of Cavanaugh Webb and Jeanette Zohar Stavropoulos; (2) Aletti Gestielle SGR S.p.A.; and (3) Christos Ifantides.  All emphasis is added and all citations are omitted unless otherwise noted.

stake in the litigation," the other movants' oppositions contain no mention of the Pension Fund at all. *Tsirekidze v. Syntax-Brillian Corp*, 2008 U.S. Dist. LEXIS 118562, at *19 (D. Ariz. Apr. 4, 2008); 15 U.S.C. §78u-4(a)(3)(B)(iii)(II) (presumption rebuttable only upon "proof").[2]  The Pension Fund is the only movant that meets all of the PSLRA's requirements.  Its motion should be granted.

### B.    Aletti Gestielle SGR Is Ineligible for Appointment as Lead Plaintiff

All of the movants agree that Aletti Gestielle SGR, an Italian investment manager, is "'subject to unique defenses that render' it 'incapable of adequately representing the class.'" *Buettgen v. Harless*, 263 F.R.D. 378, 382 (N.D. Tex. 2009); *see* Dkt. Nos. 37 at 3; 39 at 8; 40 at 3-9. Indeed, Aletti Gestielle SGR acknowledges that *it* did not suffer any loss at all.  *See* Dkt. No. 41 at 4 (admitting that Aletti Gestielle SGR, "*through its funds* Obiettivo America and Gestielle Obiettivo Internazionale (the 'Gestielle Funds'), claims the largest loss").

Hoping to deflect attention from the obvious challenges presented by its deficient motion, Aletti Gestielle SGR claims for the first time in its opposition brief that "'[o]nly Aletti has the legal capacity to seek recovery of the Gestielle Funds' losses'" and that "the limitations on the abilities of Italian investment funds to take action on their own behalf has been described in Italian judicial opinions, including an opinion by the Italian Supreme Court." Dkt. No. 41 at 7.  These assertions are based on the Declaration of Francesco Betti, Aletti Gestielle SGR's General Manager, which is both procedurally improper and substantively flawed.  Dkt. No. 41-1.

First, Mr. Betti's Declaration was not filed until December 20, 2013, almost three weeks *after* the motion deadline and in contravention of the local rules which provide that "[w]hen allegations of fact not appearing in the record are relied upon in support of a motion, all affidavits and other pertinent documents *shall be served and filed with the motion*."  Local Rule CV-7(b); *Enron*, 206 F.R.D. at 439-40 (noting that "'supplementation is not contemplated'" because the PSLRA "is unequivocal and imposes precise time requirements").  Thus, the Betti Declaration is procedurally improper and should be disregarded.  *See In re Bard Assocs., Inc.*, 2009 U.S. App.

---

[2]    Given the lack of any opposition to the Pension Fund's motion, the competing movants may try to rebut its adequacy for the first time on reply.  Courts in the Fifth Circuit, however, "will not consider an issue raised for the first time in a reply brief."  *United States v. Rodriguez*, 602 F.3d 346, 360 (5th Cir. 2010).

LEXIS 26289, at *8 (10th Cir. Dec. 2, 2009) (finding no error in district court's "bright line rule" requiring "movants to establish Article III standing by the time the lead plaintiff motions are due").

Second, and more importantly, as Aletti Gestielle SGR's General Manager, Mr. Betti does not purport to be an Italian lawyer or expert on Italian law, and his suppositions regarding Italian law and the effect of that law on the standing of Italian investment managers on behalf of Italian mutual funds lack any foundation to infer his personal knowledge and are inadmissible lay opinions and improper legal conclusions. *See United States v. El-Mezain*, 664 F.3d 467, 511 (5th Cir. 2011) ("A lay witness **may not give an opinion** that requires 'scientific, technical, or other specialized knowledge within the scope of Rule 702.' Fed. R. Evid. 701. It is also generally **prohibited** for a lay witness to interpret statutes and to give legal opinions.").

Even if the Court was willing to entertain Mr. Betti's opinions in contravention of Fifth Circuit authority and the Federal Rules of Evidence, there are numerous red flags raised by the Italian order he referenced and based his suppositions on. *See* Dkt. No. 41-1, ¶7. Mr. Betti's Declaration is devoid of any explanation of the basic fundamentals of the Italian legal system – which is based on civil codes, not common law jurisprudence – that might inform this Court of the weight to give the Italian order, if any (*i.e.*, is it akin to a binding decision from the U.S. Supreme Court?). Mr. Betti's Declaration also did not attempt to articulate the effect of decisions by the Italian Supreme Court in Italy. For example, under controlling Italian law, are Italian Supreme Court's decisions precedential for non-litigants (*i.e.*, do they employ the notion of *stare decisis*)? Are the Italian Supreme Court's decisions applicable throughout Italy or only in certain regions of Italy? Is the Italian order still valid (*i.e.*, has it been superseded or overruled)?

Turning to the specifics of the translated Italian order, this Court was not provided with any information that would allow it to conclusively determine whether the Aletti Gestielle SGR funds are governed by the same code referenced in the Italian order, the "so-called Consolidated Finance Code (D.Lgs. [Legislative Decree] no. 58 of 1998, as amended)." Dkt. No. 41-2 at 2. This is significant as Mr. Betti declared that the funds Aletti Gestielle SGR manages are "**open-end mutual fund[s]**" but the Italian order involved "a **closed-end real estate fund**." *Compare* Dkt. No. 41-1, ¶¶4-5 *with*

Dkt. No. 41-2 at 6.  Mr. Betti did not did not provide any legal authority, analysis, or expert opinion on either: (1) the differences between Italian open-end mutual funds and Italian closed-end real estate funds; or (2) the appropriateness of applying the holding of an order by an Italian court regarding closed-end real estate funds to open-end mutual funds.

Without any of these crucial missing pieces, Mr. Betti's Declaration and the translated Italian order it is based upon are, at best, unreliable and inadmissible.  At worst, the Italian order contradicts Aletti Gestielle SGR's arguments here because the order specifically recognized that "each mutual fund 'constitutes an independent asset, **which is distinct for all purposes** from the assets of the investment management company and from those of each participant, as well as from all other assets managed by the same company.'"  Dkt. No. 41-2 at 2, 3 (noting the "legislature's particular insistence on emphasizing the independence of the mutual fund's assets").[3]  And, importantly, this language places Aletti Gestielle SGR squarely back in *W.R. Huff's* crosshairs.  549 F.3d at 107, 111 (because "the alleged injury was suffered by" another entity, the investment manager "lacks constitutional standing to bring suit for violations of the federal securities laws in its own name"); *Steamfitters Local 449 Pension Fund v. Cent. European Distrib. Corp.*, 2012 U.S. Dist. LEXIS 118693, at *30-*31 (D.N.J. Aug. 22, 2012) (holding that a foreign investment manager's subsidiaries were "the only entities that actually purchased or owned CEDC stock, and thus incurred any losses" and were "the only entities who suffered an injury-in-fact" and as such, the parent entity had "neither authority to bring lawsuits nor title to the claims" and its motion was denied).

In short, Mr. Betti's tardy Declaration raises far more questions than it answers.  The Betti

---

[3]   Mr. Betti's belief that "investment managers are the appropriate entity to pursue the claims of mutual funds," (Dkt. No. 41-1, ¶7), more likely indicates that Aletti Gestielle SGR may possess something akin to a power of attorney to "pursue" the Funds' claims, which plainly does not confer standing.  *Compare* Dkt. No. 41 at 2 (claiming that "Aletti has legal authority to act" for the funds*) with W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 111 (2d Cir. 2008) (holding that investment advisor's "status as both an attorney-in-fact for litigation purposes and an investment advisor with unfettered discretion . . . does not confer on Huff Article III standing to sue in a representative capacity").  Mr. Betti also did not address whether representation under Italian law is legally the same as Article III standing under the U.S. Constitution; thus, what may suffice for an Italian court may fall far short of what is required to invoke Article III standing here.  *See Valley Forge Christian Coll. v. Ams. United for Separation of Church & State*, 454 U.S. 464, 472 (1982) ("at an irreducible minimum, Art. III requires the party who invokes the court's authority to 'show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant'").  This too remains an open question.

Declaration also confirms that Aletti Gestielle SGR is unquestionably "subject to" unique defenses. Because "[t]here is no greater impediment to a Plaintiff's ability to prosecute a case than a lack of standing," the Court should deny Aletti Gestielle SGR's motion. *Id.* (the "Court cannot prejudice the class members by subjecting them to the time and expense of litigating these unique defenses").[4]

### C.     The JCP Investor Group Cannot Be Appointed as Lead Plaintiff

All of the other movants agree that the JCP Investor Group has not triggered the most adequate plaintiff presumption because it failed to establish that it was not "artificially created by lawyers," but rather "sufficiently cohesive" and able to "monitor the lawyers and zealously prosecute the litigation." *Enron*, 206 F.R.D. at 457; Dkt. Nos. 37 at 6; 40 at 9-13; 41 at 9.  Not only did the JCP Investor Group fail to timely evidence its *bona fides* in its motion, the late declarations it did submit confirm that the group's members did not speak to one another for the first time until 15 days after their motion was filed.  *See* Dkt. No. 39-1, ¶6.  This is a strong "indication that the [group] was artificially created by its lawyers."  *In re Cendant Corp. Litig.*, 264 F.3d  201, 268 (3d Cir. 2001); *see also* Dkt. No. 40 at 9-13.  The JCP Investor Group's motion should be denied.

### D.     Mr. Ifantides Is Ineligible for the "Most Adequate Plaintiff" Presumption

Because Mr. Ifantides liquidated his entire JCP position on either the same trading day or very next trading day ***and*** engaged in short selling during the Class Period, Mr. Ifantides cannot qualify for the PSLRA's most adequate plaintiff presumption.  *See* Dkt. No. 40 at 13-14.

## III.     CONCLUSION

The movants unanimously agree that the Pension Fund has satisfied the Rule 23 requirements at this stage.  And, while other movants have larger financial interests than the Pension Fund, ***none*** meet the Rule 23 requirements at this stage.  The Pension Fund's motion should be granted.

DATED:  December 30, 2013                     Respectfully submitted,

                                                              s/ Danielle S. Myers
                                         DANIELLE S. MYERS (admitted *pro hac vice*)

---

[4]     Aletti Gestielle SGR notes it served as lead plaintiff in 2003.  *See* Dkt. No. 41-1, ¶2.  Notably, that case pre-dated *W.R. Huff* by five years and that court did not address the unique defenses inherent in Aletti Gestielle SGR's status as an Italian investment manager without standing or its *res judicata* problems.

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES A. CAPUTO
DANIELLE S. MYERS
DAVID J. HARRIS, JR.
AUSTIN P. BRANE
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

WARD & SMITH LAW FIRM
T. JOHN WARD, JR. (State Bar No. 00794818)
JACK WESLEY HILL (State Bar No. 24032294)
1127 Judson Road, Suite 220
Longview, TX  75601
Telephone:  903/757-6400
903/757-2323 (fax)

[Proposed] Liaison Counsel

- 6 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 30, 2013, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on December 30, 2013.

s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:dmyers@rgrdlaw.com

# Mailing Information for a Case 6:13-cv-00736-KNM

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Thomas Robert Ajamie**
  tajamie@ajamie.com,dszak@ajamie.com,dmolloy@ajamie.com

- **Thomas Emerson Bilek**
  tbilek@bileklaw.com,lmank@bileklaw.com

- **Austin P Brane**
  abrane@rgrdlaw.com

- **James Albert Caputo**
  jimc@rgrdlaw.com

- **Roger F Claxton**
  roger@claxtonlaw.com

- **David J Harris , Jr**
  dharris@rgrdlaw.com

- **Jack Wesley Hill**
  wh@wsfirm.com,wbc@wsfirm.com,ak@wsfirm.com

- **Michael Kevin Hurst**
  mhurst@ghjhlaw.com,tashworth@ghjhlaw.com,jchilders@ghjhlaw.com,mslusser@ghjhlaw.com,bcongdon@ghjhlaw.com

- **JC Penney Investor Group**
  kpuls@pulslaw.com

- **Daniel Ward Jackson**
  daniel@jacksonlaw-tx.com,beverly@jacksonlaw-tx.com,scott@jacksonlaw-tx.com

- **Michael E Jones**
  mikejones@potterminton.com,jovallery@potterminton.com

- **Rocky M Lawdermilk**
  rocky@rocklaws.com,brenda@rocklaws.com

- **Jason Jacob Mendro**
  jmendro@gibsondunn.com,kohara@gibsondunn.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Ira Michael Press**
  ipress@kmllp.com

- **William Kelly Puls**
  kpuls@pulslaw.com,msmith@pulslaw.com,kelly.puls@gmail.com

- **Darren Jay Robbins**
  darrenr@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Samuel H Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com

- **Robert C Walters**
  rwalters@gibsondunn.com,lcrittenden@gibsondunn.com

- **David Conrad Walton**
  davew@rgrdlaw.com,ldeem@rgrdlaw.com

- **Thomas John Ward , Jr**
  jw@wsfirm.com,wbc@wsfirm.com,angela@wsfirm.com,ak@wsfirm.com

- **Meryl L Young**
  myoung@gibsondunn.com,pmclean@gibsondunn.com,cfitzgerald@gibsondunn.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)

# Mailing Information for a Case 6:13-cv-00750-KNM

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Thomas Robert Ajamie**
  tajamie@ajamie.com,dszak@ajamie.com,dmolloy@ajamie.com

- **Thomas Emerson Bilek**
  tbilek@bileklaw.com,lmank@bileklaw.com

- **Roger F Claxton**
  roger@claxtonlaw.com

- **Roger B Greenberg**
  rgreenberg@schwartz-junell.com,sdoring@sjgolaw.com

- **Michael Kevin Hurst**
  mhurst@ghjhlaw.com,tashworth@ghjhlaw.com,jchilders@ghjhlaw.com,mslusser@ghjhlaw.com,bcongdon@ghjhlaw.com

- **JC Penney Investor Group**
  kpuls@pulslaw.com

- **Michael E Jones**
  mikejones@potterminton.com,jovallery@potterminton.com

- **Rocky M Lawdermilk**
  rocky@rocklaws.com,brenda@rocklaws.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **William Kelly Puls**
  kpuls@pulslaw.com,msmith@pulslaw.com,kelly.puls@gmail.com

- **Robert C Walters**
  rwalters@gibsondunn.com,dhodo@gibsondunn.com,cfitzgerald@gibsondunn.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`

# Mailing Information for a Case 6:13-cv-00810-KNM

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Thomas Robert Ajamie**
  tajamie@ajamie.com,dszak@ajamie.com,dmolloy@ajamie.com

- **Thomas Emerson Bilek**
  tbilek@bileklaw.com,lmank@bileklaw.com

- **Roger F Claxton**
  roger@claxtonlaw.com

- **Michael Kevin Hurst**
  mhurst@ghjhlaw.com,tashworth@ghjhlaw.com,jchilders@ghjhlaw.com,mslusser@ghjhlaw.com,bcongdon@ghjhlaw.com

- **JC Penney Investor Group**
  kpuls@pulslaw.com

- **Elton Joe Kendall**
  jkendall@kendalllawgroup.com,administrator@kendalllawgroup.com

- **Rocky M Lawdermilk**
  rocky@rocklaws.com,brenda@rocklaws.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **William Kelly Puls**
  kpuls@pulslaw.com,msmith@pulslaw.com,kelly.puls@gmail.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`