# Exhibit A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 10-6794 DSF (JEMx) | Date | 12/15/10 |
| Title | Sid Murdeshwar v. Searchmedia Holdings Ltd., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order Appointing Lead Plaintiff (Docket No. 8, 9, 12)

Three parties moved for Court appointment as lead plaintiff. Shortly before the hearing, two of them entered into a stipulation that the Court appoint both of them as lead plaintiffs and appoint both of their counsel as well. The Private Securities Litigation Reform Act ("PSLRA") sets out the following standard for appointment of a lead plaintiff in a securities class action:

(I) In general
Subject to subclause (II), for purposes of clause (I), the court shall adopt a presumption that the most adequate plaintiff in any private action arising under this chapter is the person or group of persons that--
    (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(I);
    (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
    (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.
(II) Rebuttal evidence
The presumption described in subclause (I) may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff--
    (aa) will not fairly and adequately protect the interests of the class; or

**MEMORANDUM**

      (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

      The prospective lead plaintiffs agree that Cattolica Partecipazioni S.p.A. ("CPS") has the largest financial interest in the relief sought by the class. The only major objection to CPS's appointment is that, as an Italian company, it may be subject to the unique defense that a judgment of this Court would not be granted res judicata effect in Italy. However, no evidence or argument to this effect is put forward. One prospective lead plaintiff cites other cases where courts in other circumstances declined to appoint a non-Italian foreign party as lead plaintiff, (see Upfall Opp'n at 4-7), but the possibility that Italy would not enforce this Court's judgment or otherwise give it res judicata effect is presented as mere speculation. From the Court's research, there does not appear to be an obvious problem with Italian recognition of United States judgments involving an Italian plaintiff. See Richard H. Dreyfuss, Class Action Judgment Enforcement in Italy: Procedural "Due Process" Requirements, 10 Tul. J. Int'l & Comp. L. 5, 34-36 (2002); Andrea Bonomi, The Italian Statute on Private International Law, 27 Int'l J. Legal Info. 247, 264-67 (1999).[1] And, in any event, even if Italian courts would not enforce United States class action judgments involving absent Italian parties, there is no reason to believe that a United States judgment involving an Italian party who is voluntarily present and active in the litigation would not be enforced in an Italian court. The only other argument against CPS's adequacy is that its Italian base is far from this Court. Foreign parties litigate in United States courts with regularity and there is no reason to disqualify CPS based on mere distance from the Court.

      On the Thursday before the hearing, CPS and proposed lead plaintiff Noel Upfall filed a stipulation and proposed order appointing CPS and Upfall co-lead plaintiffs. The only justification offered for this proposal is that the parties believe that the matter should be transferred to Florida and Upfall – and presumably his counsel – would somehow assist in litigating the matter there.[2] The Court rejects the proposal. The PSLRA clearly contemplates a single lead plaintiff or, at most, lead plaintiff group consisting of

---

[1] Bigger problems would appear to be created by an Italian class action defendant than an Italian class action lead plaintiff. See Dreyfuss, Class Action Judgment Enforcement, at 26-34.

[2] The parties have suggested that the Court refrain from appointing a lead plaintiff and allow the Florida judge to do so. This would not be proper because the lead plaintiff and lead counsel must be appointed before any stipulation to transfer the case to Florida could be granted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

previously aligned persons. Here CPS and Upfall have no apparent connection other than their last minute, largely unexplained decision to work together on this particular case.

The Court appoints CPS as lead plaintiff for the prospective class. The PSLRA provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). CPS has designated Glancy Binkow & Goldberg LLP as class counsel and, after review of the firm's background, the Court sees no reason to reject this appointment.

IT IS SO ORDERED.