# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| ALAN B. MARCUS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>J.C. PENNEY COMPANY, INC., MYRON E. ULLMAN, III, and KENNETH H. HANNAH,<br><br>Defendants. | **Civil Action No. 6:13-cv-00736-KNM** |
| ERHAN ERDEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>J.C. PENNEY COMPANY, INC., MYRON E. ULLMAN, III, and KENNETH H. HANNAH,<br><br>Defendants. | **Civil Action No. 6:13-cv-00750-KNM** |
| BRUCE MURPHY, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>J.C. PENNEY COMPANY, INC., MYRON E. ULLMAN, III, KENNETH H. HANNAH, and WILLIAM ACKMAN,<br><br>Defendants. | **Civil Action No. 6:13-cv-00800-KNM** |

(caption continued on next page)

| | |
|---|---|
| SHAWN GILBERT, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J.C. PENNEY COMPANY, INC., MYRON E. ULLMAN, III, and KENNETH H. HANNAH,<br><br>　　　　　Defendants. | **Civil Action No. 6:13-cv-00810-KNM** |

### SUR-REPLY MEMORANDUM IN SUPPORT OF THE MOTION OF J.C. PENNEY INVESTOR GROUP TO BE APPOINTED LEAD PLAINTIFF AND TO APPROVE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL

Replies[1] have been filed by Ifantides[2] and Aletti, with Ifantides addressing different class periods, but neither Ifantides nor Aletti asserting that JCPIG's *Dura* losses, or its LIFO losses calculated ignoring the mandate of *Dura*, decrease should the shorter class period be used. Indeed, in its papers, Ifantides and Aletti only attempt to argue that JCPIG's group status is somehow evidence that JCPIG is incapable of adequately representing the class when such is not the case and when they have offered no proof whatsoever in support of such a contention. In fact, neither Alleti nor Ifantides have provided one iota of "***proof***" that JCPIG or its members are "subject to unique defenses that render [JCPIG or its members] incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(bb). Without such "proof," no movant opposing appointment of JCPIG as Lead Plaintiff has rebutted the express statutory presumption that JCPIG is the "most adequate plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II). On the other hand, no "proof" is needed to be offered by JCPIG against Aletti or Ifantides as neither is the presumptive lead plaintiff because the respective "financial interest[s] in the relief sought by the class" of each of those movants is far less than that of JCPIG, and,

---

[1] Sur-replies have also been filed by both movants on January 9, 2014. *See* Dkt. Nos. 50, 51. This sur-reply is timely. Aletti filed its Reply Memorandum of Law in Further Support of the Motion of Aletti Gestielle SGR S.p.A. for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Lead Counsel ("Aletti Reply"), Dkt. No. 49, on December 30, 2013 at 10:27 p.m., while Ifantides filed his Reply Memorandum of Christos Ifantides In Further Support of Motion for Appointment of Lead Plaintiff and Approval of Lead Counsel ("Ifantides Reply"), Dkt. No. 48, on December 30, 2013 at 10:09 p.m. According to Local Rule CV-5(a)(3)(C), "[s]ervice is deemed completed at the 'entered on' date and time stated on the Notice of Electronic Filing from the court, except that documents filed electronically after 5:00 p.m. Central Time shall be deemed served on the following day." Further, according to Local Rule CV-7(f), "[a] sur-reply responding to issues raised in the reply may be served and filed within seven days from the date the reply is served. *See* LOCAL RULE CV-6 (three days added to the prescribed period)." Thus, because both replies were filed after 5 p.m. on December 30, 2013, they are deemed served the next day, making January 10, 2014 the deadline for JCPIG's sur-reply to the replies of Aletti and Ifantides.

[2] All capitalized terms have the same meaning as in the Memorandum In Further Support Of The Motion Of The J.C. Penney Investor Group To Be Appointed Lead Plaintiff And To Approve Proposed Lead Plaintiff's Choice Of Counsel ("JCPIG Opp."), Dkt. No. 39, and in the Reply Memorandum In Support Of The Motion Of The J.C. Penney Investor Group To Be Appointed Lead Plaintiff And To Approve Proposed Lead Plaintiff's Choice Of Counsel ("JCPIG Reply"), Dkt. No. 45.

in fact, significantly less than even JCPIG's member Cavanaugh Webb's individual "financial interest."[3]

However, "proof" has been offered to demonstrate that Aletti and Ifantides are subject to unique defenses and/or have such relatively insignificant losses that their standing, motivation and/or ability to adequately represent the class is in question. *See* JCPIG Opp. at 8-15 (discussing unique defenses relating to Aletti's standing, subject matter jurisdiction, atypical trading; foreign location and *res judicata* issues); Ifantides Opp. at 3-6 (discussing unique defenses related to Aletti's standing); JCPIG Reply at 5 n.5 (discussing lack of motivation to expend time and money to recover a loss representing only about "six 100,000ths of a percent of its *managed* $5 billion in assets"); Ifantides Reply at 2-3 (unique defenses related to Aletti's standing and detailing Aletti's overstatement of its financial interest); Infantides Sur-reply at 3-4 (detailing Aletti's standing issues and late evidence of standing). Similarly, Ifantides is ineligible for appointment as lead plaintiff based upon his atypical trading strategy, lack of counsel oversight and other inadequacies. *See* JCPIG Reply at 4 (citing to Pension Opp. at 2, 13-14 (discussing persistent day-trading and short-selling)); Aletti Opp. at 3 (discussing that Ifantides has not demonstrated oversight of counsel); Aletti Sur-reply at 5 (Ifantides' inadequacy shown by attempt to undercut Class' claims by shortening class period).

Not only is there no prohibition in the PSLRA against JCPIG's members' submission of declarations, 15 U.S.C. §78u-4(a)(3)(B), but the Declarations submitted here, Second Puls Decl., Ex. A, reflect communications between Mr. Webb and Ms. Stavropoulos occurring *before* any competing movant complained about JCPIG's group status. Further, that the Declarations have been submitted well before this Court might assign them the role of Lead Plaintiff should alleviate any concern this

---

[3] Mr. Webb's *Dura* losses, alone, are almost 150% of those of Aletti and over 246% of those of Ifantides. *See* JCPIG Opp. at 2 (providing chart). It should be noted that while Ifantides acknowledges that the proper way to measure financial interest is to calculate the *Dura* loss, *see* Ifantides Reply at 3 and Sur-reply at 3-4, Ifantides suggests his *Dura* loss is $268,643.79, *see* Ifantides Reply at 3, while JCPIG calculates his *Dura* loss at just under $190,000. Obviously, either way, JCPIG's approximately $605,270.00 in *Dura* losses far exceeds either number.

Court might have from Aletti's and Ifantides' complaints about JCPIG's group status because JCPIG's cohesiveness has indeed been demonstrated well in advance of the time JCPIG could be appointed to engage in litigation on behalf of the class. Submission of the Declarations intended to assure this Court of JCPIG's members' awareness of their obligations as lead plaintiff and commitment to fulfill those obligations not only fails to rise to the level of "proof" that JCPIG or its members are "subject to unique defenses that render [JCPIG or its members] incapable of adequately representing the class," 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(bb), but actually serves to confirm that, with by far the greatest stake in the relief sought, JCPIG remains the "most adequate plaintiff." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

## CONCLUSION

For all of the foregoing reasons, JCPIG respectfully requests that the Court: (1) appoint it to serve as Lead Plaintiff; (2) approve its selection of Brower Piven as Lead Counsel and Puls & Liebrecht as Liaison Counsel; and (3) grant such other and further relief as the Court may deem just and proper.

Dated: January 10, 2014          Respectfully Submitted,

**PULS & LIEBRECHT, P.C.**

   */s/*   W. Kelly Puls
W. Kelly Puls
State Bar No. 16393350
*Attorney-in-charge*
1407 Texas Street, Ste. 102
Fort Worth, Texas 76102
Telephone: (817) 338-1717
Facsimile: (817) 332-1333
Email: kpuls@pulslaw.com

*Counsel for JCPIG and
Proposed Liaison Counsel for the Class*

**BROWER PIVEN**
  A Professional Corporation
Brian C. Kerr (*pro hac vice* to be filed)
475 Park Avenue South, 33rd Floor
New York, New York 10016
Telephone: (212) 501-9000
Facsimile:  (212) 501-0300
Email: brower@browerpiven.com

**BROWER PIVEN**
  A Professional Corporation
Charles J. Piven (*pro hac vice* to be filed)
1925 Old Valley Road
Stevenson, MD 21153
Telephone: (410) 332-0030
Facsimile:  (410) 685-1300
Email: piven@browerpiven.com

*Counsel for JCPIG and*
*Proposed Lead Counsel for the Class*

4

## **CERTIFICATE OF SERVICE**

    I hereby certify that this Sur-Reply Memorandum In Support Of The Motion Of The J.C. Penney Investor Group To Be Appointed Lead Plaintiff And To Approve Proposed Lead Plaintiff's Choice Of Counsel was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and electronically sent to those indicated as non-registered participants on January 10, 2014.

                                                              /s/ W. Kelly Puls
                                                              W. Kelly Puls