UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ALAN B. MARCUS, Individually and on Behalf of All Others Similarly Situated, | § | Civil Action No. 6:13-cv-00736 (Consolidated) |
| Plaintiff, | § | CLASS ACTION |
| vs. | § | |
| J.C. PENNEY COMPANY, INC., et al., | § | |
| Defendants. | § | |

**LEAD PLAINTIFF NATIONAL SHOPMEN PENSION FUND'S OPPOSITION TO ALETTI GESTIELLE SGR S.P.A.'S MOTION FOR RECONSIDERATION**

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION ........................................................ 1

II. ARGUMENT ........................................................ 2

A. The Court Did Not Err in Concluding that Aletti Failed to Satisfy the PSLRA's Prerequisites for Appointment as Lead Plaintiff ........................................ 3

B. The Court Did Not Err in Failing to Cite or Distinguish Out-of-Circuit Authority In Its Order ........................................ 5

C. The Court Did Not Disregard Authority in Deciding the *Res Judicata* Issue ........................................ 8

III. CONCLUSION ........................................................ 10

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Allied Chem. Corp. v. Daiflon, Inc.*,
449 U.S. 33 (1980)....................3

*Alvarado v. Tex. Rangers*,
2005 U.S. Dist. LEXIS 11851 (W.D. Tex. June 14, 2005) ....................8

*Arrieta v. Yellow Transp.*,
2009 U.S. Dist. LEXIS 3336 (N.D. Tex. Jan. 20, 2009) ....................3

*Bersch v. Drexel Firestone, Inc.*,
519 F.2d 974 (2d Cir. 1975)....................8

*Buettgen v. Harless*,
263 F.R.D. 378 (N.D. Tex. 2009) ....................8

*Burton v. Buckner Children & Family Servs*.,
2003 U.S. Dist. LEXIS 27227 (N.D. Tex. Aug. 18, 2003)....................9

*Crutcher v. Aetna Life Ins. Co*.,
746 F.2d 1076 (5th Cir. 1984) ....................2

*Gulf King Shrimp Co. v. Wirtz*,
407 F.2d 508 (5th Cir. 1969) ....................6

*H & A Land Corp. v. City of Kennedale*,
2005 U.S. Dist. LEXIS 25797 (N.D. Tex. 2005)....................2

*In re Bard Assocs., Inc.*,
2009 U.S. App. LEXIS 26289 (10th Cir. Dec. 2, 2009)....................6, 7

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ....................3, 4, 5, 8

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001)....................3, 4, 8

*In re Kosmos Energy Ltd. Sec. Litig.*,
2012 WL 6199318 (N.D. Tex. Nov. 1, 2012)....................5

*In re Vitro SAB De CV*,
701 F.3d 1031 (5th Cir. 2012) ....................5

*In re Winstar Commc'ns Sec. Litig.*,
290 F.R.D. 437 (S.D.N.Y. 2013) ....................7

**Page**

*Levitt v. Rogers*,
257 F. App'x 450 (2d Cir. 2007) ....................2

*Morrison v. Nat'l Austl. Bank Ltd.*,
561 U.S. 247, 130 S. Ct. 2869 (2010)....................9

*Parks v. Collins*,
761 F.2d 1101 (5th Cir. 1985) ....................2

*Ramey Constr. Co. v. Painters, Decorators & Paperhangers*,
472 F.2d 1127 (5th Cir. 1973) ....................6

*Reddy v. Superior Global Solutions, Inc*.,
2013 U.S. Dist. LEXIS 66129 (E.D. Tex. May 9, 2013)....................2

*SciCo Tec GmbH v. Boston Sci. Corp*.,
599 F. Supp. 2d 741 (E.D. Tex. 2009)....................3

*Styria, Scopinich v. Morgan*,
186 U.S. 1 (1902)....................3

*Templet v. Hydrochem Inc*.,
367 F.3d 473 (5th Cir. 2004) ....................3

*W.R. Huff Asset Management Co., LLC v. Deloitte & Touche LLP*,
549 F.3d 100 (2d Cir. 2008)....................6, 7

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
§78u-4(a)(3)(B)(i)....................2, 10
§78u-4(a)(3)(B)(iii)....................1
§78u-4(a)(3)(B)(iii)(I)(bb) ....................4
§78u-4(a)(3)(B)(iii)(I)(cc)....................3,7

28 U.S.C.
§636(b)(1)(A)....................2

Federal Rules of Civil Procedure
Rule 23 .................... *passim*
Rule 23(a)....................3, 4, 5
Rule 72(a)....................2
Rule 72(b) ....................1

**Page**

Eastern District of Texas Local Civil Rules
Rule CV-72(b) ....................................................................................................................1

## I. INTRODUCTION

Despite the Court's meticulous application of the Private Securities Litigation Reform Act of 1995's ("PSLRA") lead plaintiff provisions, Aletti Gestielle SGR S.p.A. ("Aletti") seeks reconsideration of the appointment Order (Dkt. No. 62) because it believes the Court should have designated Aletti the "presumptive lead plaintiff." Dkt. No. 63 at 2-3. Aletti contends this perceived oversight "appears to reflect either legal error or a failure to consider facts and precedent critical to the analysis, and perhaps both." *Id.* Simply stated, Aletti Gestielle argues "the Court erred in ***concluding*** that Aletti lacked standing" and "in ***finding*** that Aletti was subject to *res judicata* concerns." *Id.* at 1.[1] Aletti is mistaken.

First, a Rule 72(b) motion is narrowly confined to an instance in which an order is "found to be ***clearly erroneous*** or ***contrary to law***." Local Rule CV-72(b). Citing out-of-District and out-of-Circuit authorities, Aletti's motion tellingly omits ***any*** mention of this stringent test. Dkt. No. 63 at 2. And, as neither criterion is present here, Aletti's motion for reconsideration should be denied for this reason alone.

Second, as the Court plainly stated in adhering to the PSLRA's sequential process, "to become the presumptive lead plaintiff, a potential lead plaintiff must also satisfy the requirements set forth in Rule 23." Order at 9 (citing 15 U.S.C. §78u-4(a)(3)(B)(iii)). The Court duly recognized that because Aletti claimed the largest financial interest, it "***would be*** presumptive lead plaintiff ***if*** it satisfies the requirements of Rule 23." *Id.* Yet, as the Court explained, "***there is an unresolved issue*** as to whether Aletti has standing to file suit" and "***there is a risk*** appointing Aletti lead plaintiff would not give a judgment from this Court a *res judicata* effect." *Id.* Neither amounts to a "***conclu[sion]*** that Aletti lacked standing" nor a "***finding*** that Aletti was subject to *res judicata* concerns," as Aletti so vigorously contends. Dkt. No. 63 at 1. Rather, after reviewing the record, the

---

[1] All emphasis is added and all citations are omitted unless otherwise noted.

Court determined that Aletti fell short of triggering the presumption because "***Aletti does not provide any supporting evidence*** showing it has standing" with "its motion" and "***Aletti evaded the res judicata and standing issues***" at the January 28, 2014 hearing. Order at 10. Based upon Aletti's own failings, the Court was "not willing to subject the entire proposed class" to the risks presented by Aletti's motion and declined to deem it the presumptive lead plaintiff. *Id.* at 11.

There was no error – clear or otherwise – in the Court's determination based on the record before it. Aletti's motion should be denied.

## II. ARGUMENT

In this Circuit and District, the "standard for a motion for reconsideration is 'clearly erroneous'" or "contrary to law." *Reddy v. Superior Global Solutions, Inc.*, 2013 U.S. Dist. LEXIS 66129, at *3-*4 (E.D. Tex. May 9, 2013) (Clark, J.) (quoting *Parks v. Collins*, 761 F.2d 1101, 1104 (5th Cir. 1985)). The "clearly erroneous" standard is high; indeed, "[i]t is not enough that the granting of relief might have been permissible, or even warranted – denial must have been so unwarranted as to constitute an abuse of discretion." *Crutcher v. Aetna Life Ins. Co.*, 746 F.2d 1076, 1082 (5th Cir. 1984). "In essence, a judgment must be 'dead wrong' to qualify as being clearly erroneous." *H & A Land Corp. v. City of Kennedale*, 2005 U.S. Dist. LEXIS 25797, at *5 (N.D. Tex. 2005).

In this regard, it is significant that "[f]ederal law affords a Magistrate Judge ***broad discretion*** in the resolution of non-dispositive pretrial matters." *Reddy*, 2013 U.S. Dist. LEXIS 66129, at *3 (citing Fed. R. Civ. P. 72(a); 28 U.S.C. §636(b)(1)(A)). Likewise, the PSLRA ***expressly grants district courts discretion*** to "appoint as lead plaintiff the member or members of the purported plaintiff class ***that the court determines*** to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i); *Levitt v. Rogers*, 257 F. App'x 450, 452 (2d Cir. 2007) ("***we defer*** to the district court on determinations regarding the adequacy of lead plaintiffs").

The statute thus confirms two things: (1) the district court is vested with discretion in making the lead plaintiff determination; and (2) Aletti did not have an unassailable right to be appointed lead plaintiff. *See generally Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980) ("[w]here a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is 'clear and indisputable'"); *Styria, Scopinich v. Morgan*, 186 U.S. 1, 9 (1902) ("The term ***discretion*** implies the absence of a hard-and-fast rule.") (emphasis in original).

Finally, motions for reconsideration are "***not*** the proper vehicle for rehashing evidence, legal theories, or arguments." *Templet v. Hydrochem Inc*., 367 F.3d 473, 479 (5th Cir. 2004); *SciCo Tec GmbH v. Boston Sci. Corp*., 599 F. Supp. 2d 741, 743 (E.D. Tex. 2009) (Clark, J.) ("objections to a magistrate judge's order cannot simply be a demand that a district judge conduct a de novo review of the entire record in a blind hunt for a nugget of harmful error buried somewhere in mounds of briefing and oral arguments").

Here, although Aletti makes "a *post hoc* attempt to bolster or refine several of [its] arguments, [it does] not point to any manifest errors that warrant reconsideration of the court's decision." *Arrieta v. Yellow Transp.*, 2009 U.S. Dist. LEXIS 3336, at *5-*6 (N.D. Tex. Jan. 20, 2009). Consequently, Aletti's motion should be denied.

### A. The Court Did Not Err in Concluding that Aletti Failed to Satisfy the PSLRA's Prerequisites for Appointment as Lead Plaintiff

Pursuant to the PSLRA, each movant bears the burden of demonstrating typicality and adequacy to trigger the PSLRA's "most adequate plaintiff" presumption. 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc); *In re Cendant Corp. Litig.*, 264 F.3d 201, 265 (3d Cir. 2001). In assessing the lead plaintiff motions, the Court is required to start with the investor claiming the largest financial interest – as this Court did here – "and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a)." *In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). "If the plaintiff with the largest financial stake in the controversy

provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff." *Id.* "If the plaintiff with the greatest financial stake does not satisfy the Rule 23(a) criteria, the court must repeat the inquiry, this time considering the plaintiff with the next-largest financial stake, until it finds a plaintiff who is both willing to serve and satisfies the requirements of Rule 23(a)." *Id.* Importantly, at this stage "when the district court makes its initial determination, it must rely on the presumptive lead plaintiff's complaint and sworn certification; there is no adversary process to test the substance of those claims." *Id.*

Turning to the Court's Order, it is plain that this procedure was strictly adhered to. First, the Court identified Aletti as the movant which claimed the "largest financial interest of all the movants vying for lead plaintiff." Order at 9; 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb); *Cavanaugh*, 306 F.3d at 730; *Cendant*, 264 F.3d at 263. Next, the Court recognized that Aletti "***would be*** presumptive lead plaintiff ***if*** it satisfies the requirements of Rule 23." Order at 9. Yet, as the Court explained, "***[i]n its motion*** to serve as lead plaintiff, ***Aletti does not provide any supporting evidence*** showing it has standing in this action." Order at 10. To the contrary, the Court noted that "Aletti's declaration supporting its motion explicitly states that two mutual funds it manages, Gestielle Obiettivo America and Gestielle Obiettivo Internazionale, were the entities harmed." *Id.* (citing Dkt. No. 28-2). Simply stated, Aletti's motion waived the red flag identifying its defect in standing and failure to "otherwise satisfy" Rule 23 as the PSLRA requires.

Moreover, the Court was understandably troubled that "during the hearing held on January 28, 2014, Aletti ***evaded*** the *res judicata* and standing issues." Order at 10-11. Because of Aletti's own missteps, the Court determined Aletti was "not the most adequate lead plaintiff." *Id.* at 11.

Aletti disagrees, complaining that "the Court failed to recognize that Aletti . . . made a *prima facie* showing of typicality and adequacy." Dkt. No. 63 at 3 (citing Dkt. No. 26 at 7). Two things are notable about this critique. First, in referencing its opening memorandum as support for this



926471_2

proposition, Aletti overlooks the fact that page 7 merely recites the Rule 23 legal standards. *See* Dkt. No. 26 at 7 (citing Rule 23(a) and *In re Kosmos Energy Ltd. Sec. Litig.*, 2012 WL 6199318, at *2 (N.D. Tex. Nov. 1, 2012)). And, while the Court did not cite *Kosmos* – a non-binding decision – in its Order, it recited the exact legal standard Aletti proffered in its memorandum:

| Order (Dkt. No. 62 at 9) | Aletti's Memorandum (Dkt. No. 26 at 7) |
|---|---|
| "For the purposes of the lead plaintiff analysis, only the typicality and adequacy prongs of Rule 23 are relevant." | "[A]t the lead plaintiff selection stage, all that is required is a preliminary showing that the lead plaintiff's claims are typical and adequate." |

Because the Court applied the proper legal standard, the Order is not contrary to law.

Second, it is notable that Aletti quotes the Ninth Circuit's *Cavanaugh* decision which instructs that, in assessing a movant's initial showing of typicality and adequacy, the district court "'***must*** rely on the presumptive lead plaintiff's . . . ***sworn certification***.'" Dkt. No. 63 at 3 (quoting *Cavanaugh*, 306 F.3d at 730). Aletti's "sworn certification" is precisely what the Court identified as exposing Aletti's defect in standing. *See* Order at 10 (citing Dkt. No. 28-2 (Aletti's Certification)). Again, because the Court followed the proper legal standards and referenced Aletti's Certification filed with its motion, the Order is not clearly erroneous or contrary to law.

### B. The Court Did Not Err in Failing to Cite or Distinguish Out-of-Circuit Authority In Its Order

Aletti contends that "the Court inaccurately stated that 'Aletti [did] not provide any supporting evidence showing it has standing in this action.'" Dkt. No. 63 at 4. As it is often said, "the devil is in the details." *In re Vitro SAB De CV*, 701 F.3d 1031, 1060 (5th Cir. 2012). What the Court ***actually*** stated was "***[i]n its motion to serve as lead plaintiff***, Aletti does not provide any supporting evidence showing it has standing in this action." Order at 10. Aletti does not – and cannot – identify any evidence ***with its motion*** evidencing standing. *Id.* (explaining that Aletti's evidence with its motion actually evidenced a lack of standing).

Rather, Aletti appears to suggest the *prima facie* showing of typicality and adequacy can be evidenced ***after*** the lead plaintiff deadline with a reply brief or during oral argument. Dkt. No. 63 at 4 (citing the "Aletti Reply Mem."). The Court disagreed, explaining that the "PSLRA requires all proposed lead plaintiffs to submit a sworn declaration stating that the proposed plaintiff has suffered financial harm," Aletti failed to do so (citing its Certification "explicitly stat[ing] that two mutual funds it manages . . . were the entities harmed"), and "Aletti evaded the . . . standing issues" at the hearing. Order at 10, 11 (noting that Aletti did not establish its standing by the statutorily imposed deadline). This decision was not erroneous or contrary to law. *See In re Bard Assocs., Inc.*, 2009 U.S. App. LEXIS 26289, at *8 (10th Cir. Dec. 2, 2009) (holding district court's decision to require "lead plaintiff movants to establish Article III standing by the time the lead plaintiff motions are due" was not an abuse of discretion).

Aletti further complains that the Order "offered no reason to discard or disclaim" the "extensive evidence of its standing" – which consisted of the Betti Declaration, submitted with its reply brief – and the "seminal *Huff* opinion" which "recognizes that third parties like Aletti can demonstrate standing through a 'prudential exception.'" Dkt. No. 63 at 4. This complaint is problematic for a host of reasons. First, as the Fifth Circuit has recognized, "Courts need not indulge in exegetics, or parse or declaim every fact and each nuance and hypothesis." *Gulf King Shrimp Co. v. Wirtz*, 407 F.2d 508, 516 (5th Cir. 1969); *Ramey Constr. Co. v. Painters, Decorators & Paperhangers*, 472 F.2d 1127, 1132 (5th Cir. 1973) ("the trial court's failure to mention each and every specific item in its memorandum opinion in no way indicates that they were not considered, weighed, and rejected as inconclusive"). Thus, the Court did not err by not specifically identifying all of the facts and authorities Aletti offered in its reply brief.

Second, assuming *arguendo* Aletti even qualifies to request the prudential exception outlined in *W.R. Huff Asset Management Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 110 (2d Cir.

2008), that entitlement was not timely evidenced or established through Aletti's motion.[2] Indeed, the Court explained that while "Aletti ***admitted*** it was not speculative that it would at some point need to establish its standing, ***it failed to do so by the statutorily imposed deadline***." Order at 11.[3] This decision was not clear error or contrary to law. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc) (movant must "satisf[y]" Rule 23); *Bard*, 2009 U.S. App. LEXIS 26289, at *8 (holding district court's decision that movants must "establish Article III standing by the time the lead plaintiff motions are due" was not erroneous). To the contrary, by declining to designate Aletti as the presumptive lead plaintiff, the Court avoided the "precarious position of having to select a lead plaintiff without knowing whether that plaintiff even has standing to sue." *Id.*; Order at 9 (noting "there is an unresolved issue as to whether Aletti has standing to file suit").

It was Aletti's burden to affirmatively evidence its standing – either directly or via an exception – ***with its motion***. Order at 10-11. The Court determined, based on its motion and Certification, that Aletti failed to do so "by the statutorily imposed deadline." *Id.* Consequently,

---

2 Aletti concedes, as it must, that the Betti Declaration and Aletti's assertion of a "prudential exception" to standing were not presented ***with its motion***. *See* Dkt. No. 63 at 4 (citing "Aletti Reply Mem."); at 5 (citing "Aletti Opp. Mem."). It would also be disingenuous for Aletti to contend that it could not possibly have presented this information sooner as *Huff* – decided six years ago, in 2008 – "has prompted several lower courts to recognize the standing problems facing investment advisors seeking to serve as lead plaintiffs under the PSLRA." *Bard*, 2009 U.S. App. LEXIS 26289, at *7 (recognizing that *Huff* standing was not a new concept and movant was not prejudiced by district court's decision to require compliance by the motion deadline).

3 The Court's Order specifically references the hearing transcript and the discussion with Aletti's counsel about the standing argument. *See id.* at 11 nn. 42-43. As such, it is disingenuous for Aletti to contend that the Court "overlooked" any aspect of Aletti's presentation in this regard. Dkt. No. 63 at 6. Rather, it merely appears the Court was not as convinced of Aletti's "inherent standing" (*id.*) in this case as Aletti's counsel appears to be. *See also* Hr'g Tr. at 10-13 (discussing problems with the Betti Declaration submitted with Aletti's reply brief and Aletti's reply authorities, including *In re Winstar Commc'ns Sec. Litig.*, 290 F.R.D. 437, 444 (S.D.N.Y. 2013)); Dkt. Nos. 40 at 3-9 and 47 at 2-5. Indeed, this was the one point all the other movants agreed upon: Aletti's standing was subject to challenge and dispute. *See* Dkt. Nos. 37 at 3, 39 at 8, 40 at 3-9.

Aletti was not designated the presumptive lead plaintiff. *Id.* That decision was not clearly erroneous or contrary to law.

### C. The Court Did Not Disregard Authority in Deciding the *Res Judicata* Issue

Aletti also contends reconsideration is needed because the Court's conclusion that "'it is unclear whether there would be an issue with a judgment taking *res judicata* effect'" is "not supported by PSLRA jurisprudence, which forbids courts from crediting speculative arguments against a presumptive lead plaintiff's typicality and adequacy." Dkt. No. 63 at 6-7. The first problem with this argument is it ignores the fact that the Court expressly determined Aletti was not eligible for the most adequate plaintiff presumption. Order at 9 (finding Aletti "***would be*** presumptive lead plaintiff ***if*** it satisfies the requirements of Rule 23"). Thus, it is Aletti – not the Court – which has conflated what is required to ***rebut*** the presumption once it attaches with what is required to ***trigger*** the presumption. *See* Dkt. No. 63 at 4, 6-7; *Cendant* 264 F.3d at 263-64 (explaining sequential inquiry and different inquiries for each stage of process); *Cavanaugh*, 306 F.3d at 729-31 (same).

Nor is the Order contrary to law simply because the Court relied upon authority that was different from Aletti's authority or resolved the question in a manner Aletti disagrees with. *See Alvarado v. Tex. Rangers*, 2005 U.S. Dist. LEXIS 11851, at *6-*7 (W.D. Tex. June 14, 2005) (explaining that it "is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction and Plaintiff cannot have a 'second bite at the apple' on the same issues that were previously addressed by the parties and this Court"). Moreover, one of the cases the Court relied on – *Buettgen v. Harless*, 263 F.R.D. 378 (N.D. Tex. 2009) – is a lead plaintiff decision within Texas

and is directly on point. *Compare* Order at 10 (citing *Buettgen*) *with* Dkt. No. 63 at 7-8 (citing non-Texas and out-of-Circuit authorities).[4]

Aletti's contention that the Court's *res judicata* holding "disregard[s] authority that these concerns are inapplicable for investors who purchase securities on a U.S. exchange" is nonsensical. Dkt. No. 63 at 7. Citing the Supreme Court's decision in *Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247, 130 S. Ct. 2869 (2010), Aletti contends "claims for injury pursuant to the Securities Exchange Act of 1934 may be brought . . . irrespective of the nationality of a plaintiff." Dkt. No. 63 at 7. This statement is accurate, but irrelevant as *Morrison* did not mention *res judicata* once in the decision. Indeed, *Morrison* merely addressed the scope of §10(b), ***not enforceability of this country's judicial decisions abroad***. *See generally* 130 S. Ct. at 2888 (holding that "Section 10(b) reaches the use of a manipulative or deceptive device or contrivance only in connection with the purchase or sale of a security listed on an American stock exchange, and the purchase or sale of any other security in the United States"). That Gestielle Obiettivo American and Gestielle Obiettivo Internazionale purchased JCP stock on a U.S. exchange merely indicates their claims are encompassed by §10(b); it says nothing about enforceability of any judgment in an Italian court.

It is likewise irrelevant that some district courts have appointed as lead plaintiff investors based in common law countries (like the U.K. or Canada) or countries that expressly recognize U.S. decisions (like the Netherlands), particularly in light of the fact that Italy is ***not*** a common law country. *See* Dkt. No. 63 at 7; *see also* Dkt. No. 47 at 2-5. Moreover, ***all*** of these arguments were raised in Aletti's prior briefing and are "issues the court previously resolved, although understandably, to the movant's dissatisfaction." *Burton v. Buckner Children & Family Servs.*, 2003

4 Aletti's critique that the other authority the Court relied on, *Bersch v. Drexel Firestone, Inc.*, 519 F.2d 974 (2d Cir. 1975), "is nearly forty years old" does not warrant a substantive response. Dkt. No. 63 at 9.

U.S. Dist. LEXIS 27227, at *9 (N.D. Tex. Aug. 18, 2003) (noting that a "'motion based on recycled arguments only serves to waste the resources of the court'"); *see also* Dkt. No. 49.

Aletti has failed to meet its burden to demonstrate that the Court's reasoned conclusion that "there is a risk appointing Aletti lead plaintiff would not give a judgment from this Court a *res judicata* effect" was clearly erroneous or contrary to law. Order at 9.

## III. CONCLUSION

A thorough review of the Order confirms that the Court properly exercised its discretion in appointing as lead plaintiff the class member "that the court determine[d] to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Consequently, the Court's decision not to designate Aletti as the PSLRA's presumptively most adequate plaintiff was neither clearly erroneous nor contrary to law. As such, Aletti's motion for reconsideration should be denied.

DATED: March 24, 2014

Respectfully submitted,

/s/ Danielle S. Myers by permission Wesley Hill

ROBBINS GELLER RUDMAN
& DOWD LLP
JAMES A. CAPUTO
DANIELLE S. MYERS
DAVID J. HARRIS, JR.
AUSTIN P. BRANE
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

T. John Ward, Jr.
Texas State Bar No. 00794818
J. Wesley Hill
Texas State Bar No. 24032294
**WARD & SMITH LAW FIRM**
1127 Judson Rd., Suite 220
Longview, Texas 75601
Tel: (903) 757-6400
Fax: (903) 757-2323
jw@wsfirm.com
wh@wsfirm.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this the 24th day of March, 2014.

/s/ Wesley Hill