IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ALAN B. MARCUS, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:13-CV-736 |
| | § | |
| J.C. PENNEY CO., INC., *et al.* | § | |

ORDER

Before the Court is "Motion of [Movant] Aletti Gestielle SGR S.p.A. for Reconsideration of Denial of Motion for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel (Dkt. No. 62), and Memorandum of Law in Support Thereof" ("the Motion"). Docket No. 63. For the reasons set forth below, the Motion is **DENIED**.

BACKGROUND

On October 1, 2013, Plaintiff Alan B. Marcus initiated the first lawsuit against JCP and two of its executive officers, Myron E. Ullman, III and Kenneth H. Hannah (collectively "Defendants"). Plaintiff Marcus filed the lawsuit on behalf of all persons who purchased JCP common stock between August 20, 2013 and September 26, 2013 ("the Short Class Period"), and alleged Defendants made "materially false and misleading statements" regarding JCP's financial health.[1]

On December 2, 2013, eight separate Movants sought appointment as lead plaintiff (with their choice of lead counsel) under the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Four movants withdrew from lead plaintiff consideration, four movants remained: Aletti Gestielle SGR S.p.A. ("Aletti"), J.C. Penney Investor Group [Webb], Christos Ifantides, and National Shopmen Pension Fund ("Pension Fund"). On February 28, 2014, the Court

---

[1] Civil Action No. 6:13-cv-736, Docket No. 1 at ¶ 3.

appointed Pension Fund as lead plaintiff, and its choice of lead counsel and liaison counsel. Docket No. 62. On March 14, 2014, Aletti moved to reconsider Pension Fund's appointment as lead plaintiff. Docket No. 63.

## LEGAL STANDARD

"Motions for reconsideration serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Centre One v. Vonage Holdings Corp.*, 2010 WL 3257642, at *1 (E.D. Tex. Aug. 17, 2010) (quoting *MHL Tek, LLC v. Nissan Motor Co.*, 2009 WL 440627, at *2 (E.D. Tex. Feb. 23, 2009)). There are three grounds for granting a motion to reconsider: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice. *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002). When a party moving for reconsideration offers new evidence, a court must balance "the need to bring the litigation to an end and the need to render just decisions on the basis of all the facts." *Lupo v. Wyeth-Ayerst Labs*, 4 F.Supp.2d 642, 645 (E.D. Tex. 1997).

## APPLICABLE LAW

The Private Securities Litigation Reform Act of 1995 ("PSLRA") establishes the procedure for appointing a lead plaintiff in an action "that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1). The PSLRA requires that within twenty days after filing the class action, "the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class: (1) of the pendency of the action, the claims asserted therein, and the purported class period; and (2) that, not later than [sixty] days after the date on which the notice is published, any member of the purported class may move the court to

serve as lead plaintiff of the purported class." 15 U.S.C. § 78u-4(a)(3)(A)(i). The Court must then appoint the "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). After deciding any pending motion to consolidate the related actions, the Court shall consider any motion made by a purported class member to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(ii).

The PSLRA requires all proposed lead plaintiffs to submit a sworn declaration to assure the Court that the proposed plaintiff: (1) has suffered financial harm; (2) is not a serial litigant; and (3) is interested and able to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(I). There is then a "rebuttable presumption" that the most adequate plaintiff has: (1) either filed the complaint or made a motion in response to a notice; (2) the largest financial interest in the relief sought by the class during the proposed class period; and (3) otherwise satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption can be rebutted only when a class member offers proof that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

In order to become the presumptive lead plaintiff, a potential lead plaintiff must also satisfy the requirements set forth in Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii). For the purposes of the lead plaintiff analysis, only the typicality and adequacy prongs of Rule 23 are relevant. *Buettgen*, 263 F.R.D. at 381. Rule 23 requires that a potential lead plaintiff's claims or defenses be typical of the class, and that the interests of the class will be "fairly and adequately protect[ed]." FED. R. CIV. P. 23(a)(3) and (4). A potential lead plaintiff's claim or defense need not be identical to every member of the proposed class, but

3

they must have "the same essential characteristics as those of the other class members." *Buettgen*, 263 F.R.D. at 381. Furthermore, to "fairly and adequately protect" the proposed class, a potential lead plaintiff's interests cannot conflict with the other proposed class members and must be ready, willing, and able to prosecute the action. *Id.*

## DISCUSSION

Aletti seeks reconsideration as to Pension Fund's appointment as lead plaintiff, and the appointment of Pension Fund's choice of lead counsel and liaison counsel. Docket No. 63.

### I. Lead Plaintiff

Aletti contends Magistrate Judge Mitchell erred as to the third factor of section 78u-4(a)(3)(B)(iii)(I), where the movant must satisfy the typicality and adequacy prongs of Rule 23 of the Federal Rules of Civil Procedure. Docket No. 63, *see* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Specifically, Aletti contends that "the Court erred in **concluding** that Aletti lacked standing" and "in **finding** that Aletti was subject to *res judicata* concerns." *Id.* at 1 (emphasis added).

#### A. Standing

Judge Mitchell did not conclude Aletti lacked standing or was subject to *res judicata* concerns. Rather, she found that there was "an **unresolved** issue as to whether Aletti has standing to file suit." Docket No. 62 at 9 (emphasis added). Judge Mitchell noted that Aletti's motion for lead plaintiff indicated that the two mutual funds it manages, not Aletti, would have standing to file suit. *Id.* at 10; *see* Docket Nos. 26 at 1; and *see also* Docket No. 41-1 at ¶ 6. Aletti argued it "has standing to pursue claims in this action in accordance with *Huff's* 'prudential exception.'" Docket No. 63 at 4; *see W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d

100 (2d Cir. 2008); and *see e.g. In re Vivendi Universal, S.A. Sec. Litig.*, 605 F.Supp.2d 570 (S.D.N.Y. 2009).

In *Huff*, the Court recognized that "a prudential exception" permits third-party standing when that party "can demonstrate (1) a close relationship to the injured party; and (2) a barrier to the injured party's ability to assert its own interest." *Huff*, 549 F.3d at 109. Courts typically find such close relationships between a trustee and the trust; a guardian ad litem and his ward; a receiver and the receivership; an assignee in bankruptcy and the bankrupt estate; and an executor and the testator estate. *Id.* at 109–110 (quoting *Sprint Communications Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 287–288 (2008)). However, the *Huff* Court rejected the argument that an investment manager-client relationship was the type of close relationship which fell under the prudential exception. *Id.* at 10. The issue in *In re Vivendi Universal* became whether a plaintiff could "occupy some middle ground that grants them standing" absent a valid assignment of the claims. *In re Vivendi Universal*, 605 F.Supp.2d at 575. The Court held such middle ground existed when applying the prudential exception to foreign funds, which function as trusts, and the investors of those funds relinquished all authority to manage the funds. *In re Vivendi Universal*, 605 F.Supp.2d at 577–578.

Here, Aletti claims that the mutual funds it manages "are unable to seek recovery for their losses on their own behalf." Docket No. 63 at 5. Aletti also claims that only it "has the legal capacity to seek recovery" for the funds' losses. *Id.* While Aletti's claims may satisfy the second prong of the prudential exception, unlike the plaintiffs in *Huff* and *In re Vivendi Universal*, Aletti failed to show that its funds function in such a manner that warrants a finding a close relationship to the injured party. Aletti does not provide evidence showing its exclusive authority to manage the funds or that the investors of the funds would not have a cause of action. A conclusory

statement of Aletti's "inherent standing" and merely reciting the law does not provide the Court with the evidence needed to assess the distinct and unique standing issues in this action. *See* Docket No. 63 at 6.

Once standing issues are raised, Aletti bears the burden of showing that it has standing in this action. *See Summers v. Earth Island Institute*, 555 U.S. 488, 493 (2009). Aletti failed to prove that only it, and not any other investors, has standing to sue on behalf of the funds as of the statutorily imposed deadline. Even if Judge Mitchell overlooked the inadequacies of Aletti's motion at the statutorily imposed deadline, it was clear at the January 28, 2014 hearing that Aletti still could not conclusively provide evidence of its standing. *See* Lead Plaintiff Oral Argument Tr. at 30:21–31:8 (Counsel for Aletti admitted it was not speculative that it would at some point need to establish its standing, but failed to offer the Court evidence of standing). Courts considering this very issue have held issues related to standing are sufficient to not appoint a movant as lead plaintiff. *See Huff*, 549 F.3d at 110; *see also In re SLM Corp. Securities Litigation*, 258 F.R.D. 112, 116 (S.D.N.Y 2009). Aletti's Motion for Reconsideration presents nothing new to support its contention that it has standing and should be appointed lead plaintiff. Unresolved issues surrounding Aletti's standing still remain, and those issues do not support appointing Aletti lead plaintiff. Thus, Judge Mitchell's finding was not clearly erroneous.

### B. *Res judicata*

Judge Mitchell found that "there is ***a risk*** [that] appointing Aletti lead plaintiff would not give a judgment from this Court a *res judicata* effect." Docket No. 62 at 9 (emphasis added). Aletti contends Judge Mitchell's *res judicata* concerns are speculative and the PSLRA "forbids courts from crediting speculative arguments against a presumptive lead plaintiff's typicality and adequacy." Docket No. 63 at 7. Aletti also contends Judge Mitchell "disregarded authority that

these concerns are inapplicable for investors who purchase securities on a U.S. exchange." Docket No. 63 at 7. Aletti argues that the Supreme Court decision in *Morrison v. National Australia Bank Ltd*. allows foreign plaintiffs to have "claims for injury pursuant to the Securities Exchange Act of 1934," and "courts have frequently appointed foreign institutional investors as lead plaintiff in the aftermath of *Morrison*." *Id.* (see *Morrison*, 130 S. Ct. 2869 (2010)). In *Morrison*, the Court found foreign plaintiffs who purchase or sell securities listed on an American stock exchange have a cause of action under section 10(b) of the Securities Exchange Act of 1934. *Morrison*, 130 S. Ct. at 2888. However, *Morrison* does not help Aletti because the Supreme Court did not address the issue in this case, *res judicata*.

As an initial matter, Judge Mitchell already found Aletti was not the presumptive lead plaintiff due to the unresolved issues concerning its standing. However, all movants vying for lead plaintiff expressed *res judicata* concerns in connection with appointing Aletti lead plaintiff. Accordingly, Judge Mitchell reviewed the record and relied on authority most applicable to the issues concerning this case. Again, Aletti presents nothing new to rebut that *res judicata* may be a concern. Again, case law supports finding issues related to *res judicata* are sufficient to not appoint a movant as lead plaintiff. *See Buettgen v. Harless*, 263 F.R.D. 378, 382–383 (N.D. Tex. 2009). Accordingly, it was not clearly erroneous for Judge Mitchell to not appoint Aletti lead plaintiff in light of the potential standing issues and the *res judicata* concerns.

## CONCLUSION

Having reviewed the Opinion of the United States Magistrate Jude and the Parties' submissions, the Court is of the opinion that the Magistrate Judge's findings are correct. Therefore the Court hereby adopts the Opinion of the Magistrate Judge as the opinion of this

Court. All objections are overruled and Aletti Gestielle SGR S.p.A.'s Motion for Reconsideration (Docket No. 63) is **DENIED**.

**So ORDERED and SIGNED this 8th day of May, 2014.**

 

**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**