IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| ALAN B. MARCUS, individually and on behalf of all others similarly situated | § § § | |
|---|---|---|
| | § | CASE NO. 6:13-CV-736 |
| v. | § | |
| | § | |
| J.C. PENNEY COMPANY, INC., *et al.* | § | |
| | § | |
| | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The Report and Recommendation of the Magistrate Judge ("the Report"), which contains her findings, conclusions, and recommendation for the disposition of this matter, has been presented for consideration (Docket No. 145). The Report recommends that Lead Plaintiff's Motion for Class Certification (Docket No. 116) be granted. Defendants filed written objections (Docket No. 145) and Lead Plaintiff filed a response to the written objections (Docket No. 146). This Court reviews the Magistrate Judge's findings and conclusions that were properly objected to *de novo.* FED R. CIV. P. 72(b)(3).

The Report concludes that Plaintiff ("the Fund") satisfied the prerequisites of Federal Rule of Civil Procedure 23(a) and showed that the action is maintainable under Rule 23(b)(3). In their written objections, Defendants argue that the Magistrate Judge erred in finding that the action is maintainable under Rule 23(b)(3). Rule 23(b)(3) requires (1) that common questions of law or fact predominate over individual questions (predominance) and (2) that a class action is the superior method to adjudicate the dispute (superiority).

Defendants' objections focus on the Report's predominance analysis. Specifically, Defendants argue that the Report: (1) failed to resolve whether alleged corrective disclosures were, in fact, corrective; (2) erred in finding that Defendants failed to meet their burden of production to

show that the opinions in the Goldman Sachs Report were previously disclosed to the market; and (3) erroneously concluded that numerous markets for different J.C. Penney stock options are efficient without analyzing them separately and without considering evidence of market inefficiency.

**I.  Defendants' Objection that the Report Failed to Resolve Whether Alleged Corrective Disclosures Were Corrective**

First, Defendants argue that the Report fails to resolve whether the alleged corrective disclosures were, in fact, corrective. Defendants argue that the two alleged corrective disclosures—the September 24, 2013 Goldman Sachs Report ("GS Report") and the September 26, 2013 announcement of an offering of J.C. Penney common stock—were not corrective because the information had been reported earlier. Defendants assert, therefore, that these disclosures cannot be a revelation of the fraud.[1] Further, Defendants argue that they produced evidence showing that the alleged corrective disclosures were not new information.

In this case, the Fund asserts a violation of § 10(b) of the Exchange Act of 1934 and Rule 10b-5. "[S]ecurities fraud plaintiffs can in certain circumstances satisfy the reliance element of a Rule 10b-5 action by invoking a rebuttable presumption of reliance, rather than proving direct reliance on a misrepresentation." *Halliburton II*, 134 S.Ct. at 2408. The Report concludes that the Fund met its burden of establishing the elements necessary to invoke the presumption of reliance for purchasers of J.C. Penney common stock. Docket No. 145 at 15. The burden then shifted to Defendants to rebut that presumption. The written objections do not challenge the findings that the presumption of reliance was invoked or that Defendants bear the burden of production to rebut the presumption of reliance.

---

[1] "Price impact can be shown either by an increase in price following a fraudulent public statement or a decrease in price following a revelation of the fraud." *Erica P. John Fund, Inc. v. Halliburton Co.*, 718 F.3d 423, 434 (5th Cir. 2013), *vacated and remanded on other grounds by* 134 S.Ct. 2398 (2014) ("Halliburton II").

Instead, Defendants argue that the Report failed to make a specific finding that GS Report and offering announcement were in fact "corrective." Defendants' objections place a burden on the Fund to show a price decrease following a corrective disclosure. Docket No. 145 at 2. The burden, however, is on Defendants to rebut the presumption of reliance. Here, Defendants did not meet their burden to produce sufficient evidence to show that the disclosures on September 24 and September 26 did not affect the market price and cause J.C. Penney's stock price to drop on September 25 and September 27, respectively. In addition, as set forth in the in the Report, the determination of whether those disclosures were in fact corrective is an issue that is common to all members of the class and does not defeat predominance. *Amgen, Inc. v. Connecticut Retirement Plans and Trust Funds*, 133 S.Ct. 1184, 1203 (2013).

Defendants assert in their written objections that the issue of whether a specific finding must be made at the class certification stage concerning whether a disclosure is in fact corrective is currently pending before the Court of Appeals for the Fifth Circuit and a decision here should not be made pending resolution of the Fifth Circuit appeal. *See Erica P. John Fund, Inc. v. Halliburton Co.*, No. 15-11096 (5th Cir.). In the decision being appealed, the Court concluded that the class certification stage is not the proper procedural stage for a court to determine as a matter of law whether the relevant disclosures were actually corrective. *Erica P. John Fund, Inc. v. Halliburton Co.*, 309 F.R.D. 251, 261–62 (N.D. Tex. July 25, 2015). That Court's finding is consistent with *Amgen* and *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804 (2011) ("Halliburton I"). Defendants have not shown good cause to withhold a decision in this case pending the Fifth Circuit's decision in the pending *Halliburton* appeal.[2]

---

[2] It is unclear when and whether the Fifth Circuit will issue an opinion in the pending *Halliburton* appeal. On December 28, 2016, the Fifth Circuit stayed the *Halliburton* case pending the district court's approval of a settlement between the parties. Docket No. 151-2; *Erica P. John Fund Inc. v. Halliburton*, Case No. 15-11096 (5th Cir. Dec. 28, 2016).

**II.  Defendants' Objection that the Report Erred in Finding that Defendants Failed to Meet Their Burden of Production to Show that the Opinions in the GS Report Had Been Previously Disclosed to the Market.**

Defendants further object that the Magistrate Judge erred in finding that Defendants failed to meet their burden of production to show that the opinions in the GS Report had been previously disclosed to the market. Defendants argue that the Magistrate Judge gave no weight to Defendants' "compelling evidence demonstrating that the opinions in the GS Report were *not new*—including evidence showing that the GS Report mirrored similar press and analyst reports that were published previously." Docket No. 145 at 5. Defendants argue that the Report "dismissed these prior similar statements on the ground they were tempered with language discussing the possibility or potential need for financing." *Id.* (internal quotation marks omitted). Defendants contend they have met their minimal burden of production, which only requires that Defendants come forward with evidence that the GS Report's statements were not new.

This Court agrees with the Magistrate Judge's finding that the Defendants did not meet their burden of production to establish that the opinions in the GS Report had been previously disclosed to the market. The Report correctly noted that the alleged previous disclosures included tempering language discussing the "possibility" or the "potential" need for financing that did not amount to a disclosure of a liquidity crisis or an impending $800 billion equity offering. Further, as noted in the Report, an analyst reported on September 23, 2013 that J.C. Penney "maintained that they believe they ha[d] adequate liquidity and these news reports may be speculative." Docket No. 131-15 at 22. Defendants did not meet their burden to show that the causal link between the disclosures and the stock price decrease on September 25 and 27 was severed.

Defendants further argue that the Report failed to give weight to their evidence, but the previously disclosed analyst reports Defendant relies upon do not disclose the same information contained in the alleged corrective disclosures and do not amount to a disclosure of information

that would sever the causal link. Therefore, Defendants do not meet their burden of production to bring forth sufficient evidence to rebut the Fund's showing that the disclosures of September 24 and September 26 caused the stock price drop on September 25 and September 27.

> III. **Defendants' Objection that the Report Wrongly Concluded that Numerous Markets for Different J.C. Penney Stock Options Were Efficient Without Analyzing Them Separately or Considering Evidence of Market Inefficiency**

Finally, Defendants assert that the Report (1) erred in concluding that all J.C. Penney options markets are efficient based on general evidence regarding the options markets overall and (2) erred by not considering evidence of market inefficiency.

First, the Court is not required to focus on the market for each security separately. *In re Enron Corp. Securities*, 529 F.Supp.2d 644, 648 (S.D. Tex. Jun. 5, 2006). Here, Plaintiff's expert, Bjorn I. Steinholt, detailed the *Cammer* factors and concluded that four of the five factors point to a finding of market efficiency. Docket No. 131-15 at 22. An expert's application of the *Cammer* factors to common stock may be sufficient to trigger the presumption of reliance for § 10(b) claims based on options. *In re Enron Corp*, 529 F. Supp. 2d at 754.

Second, the opinion of Defendants' Expert, Dr. Garrett, does not establish market inefficiency. Dr. Garrett did not make the conclusion that the options market is inefficient and even stated that he had not given thought to how he would establish whether the J.C. Penney options markets were efficient during the Class Period. *See* Docket No. 128-3 at 34-36; Docket No. 131-3 at 28. Here, the Fund established that the J.C. Penney options traded on an efficient market during the Class Period and are entitled to the presumption of reliance. Defendants did not advance sufficient evidence to rebut the presumption.

**IV.     Conclusion**

Having conducted a *de novo* review of the written objections filed by Defendants in response to the Report and Recommendation, the Court concludes that the findings and conclusions of the Magistrate Judge are correct.  It is therefore

**ORDERED** that the Report and Recommendation (Docket No. 143) is **ADOPTED** and Lead Plaintiff's Motion for Class Certification (Docket No. 116) is **GRANTED**.

**IT IS ORDERED**:

1. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, a plaintiff Class is certified consisting of:

> All persons who, between August 20, 2013 and September 26, 2013 (the "Class Period"), purchased or otherwise acquired J.C. Penney Company, Inc. securities, and were damaged thereby.  Excluded from the Class are current and former defendants, members of the immediate family of any current or former defendants, directors, officers, subsidiaries and affiliates of J.C. Penney Company, Inc., any person, firm, trust, corporation, officer, director or other individual or entity in which any current or former defendant has a controlling interest, and the legal representatives, affiliates, heirs, successors-in-interest or assigns of any such excluded party.

2. National Shopmen Pension Fund satisfies the requirements of Rule 23(a) and is appointed Class Representative on behalf of the Class.

3. Lead Counsel Robbins Geller Rudman & Dowd LLP and Liaison Counsel Ward, Smith & Hill, PLLC satisfy the requirements of Rule 23(g) and are appointed Class Counsel.

4. The Class certified herein satisfies the requirements of FED R. CIV. P. 23(a), in that: (a) the Class is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law or fact common to the Class; (c) the claims of the class representatives are typical of the claims of the other members of the Class; and (d) the class representatives will fairly and adequately represent the interests of the Class.

5. Plaintiffs demonstrated that J.C. Penney Company, Inc. securities traded in an efficient market during the Class Period, and are entitled to the presumption of reliance set forth in *Basic Inc. v. Levinson*, 485 U.S. 224 (1988). Accordingly, the Class certified herein satisfies the requirements of FED R. CIV. P. 23(b)(3) that: (a) the questions of law or fact common to the Class predominate over any questions affecting only individual members of the Class; and (b) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**SIGNED this 8th day of March, 2017.**

*[signature]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE