UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ALAN B. MARCUS, Individually and on Behalf of All Others Similarly Situated, | § § § | Civil Action No. 6:13-cv-00736-RWS-KNM (Consolidated) |
| Plaintiff, | § § | <u>CLASS ACTION</u> |
| vs. | § § | |
| J.C. PENNEY COMPANY, INC., et al., | § § | |
| Defendants. | § § § | |

**SETTLEMENT AGREEMENT**

This Settlement Agreement dated June 14, 2017, 2017 (the "Stipulation" or the "Settlement Agreement") embodies a settlement (the "Settlement") made and entered into by and among the following Settling Parties: (i) Lead Plaintiff the National Shopmen Pension Fund ("NSPF" or "Lead Plaintiff"), on behalf of itself and each of the members of the Class, as defined in ¶¶1.3-1.4, *infra*, on the one hand, and (ii) Defendants J.C. Penney Company, Inc. ("JCPenney"), Myron E. Ullman, III, and Kenneth H. Hannah (collectively, "Defendants" ), on the other hand, by and through their counsel of record in the above-captioned consolidated litigation pending in the United States District Court for the Eastern District of Texas (the "Action").  The Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereof and subject to the approval of the Court.  Throughout this Stipulation, all capitalized terms used, but not immediately defined, have the meanings given to them in Section IV.1, *infra*.

## I.    THE LITIGATION

The Action is currently pending before the Honorable Robert W. Schroeder, III in the United States District Court for the Eastern District of Texas (the "Court") and was brought on behalf of the certified Class of all persons who purchased or otherwise acquired JCPenney common stock or call options, or who sold JCPenney put options, between August 20, 2013 through September 26, 2013, inclusive (the "Class Period").  The initial complaint was filed on October 1, 2013.  On February 28, 2014, the Court appointed NSPF as Lead Plaintiff and Robbins Geller Rudman & Dowd LLP as Lead Counsel.  On June 8, 2015, Lead Plaintiff filed the Revised Consolidated Complaint for Violation of the Federal Securities Laws ("Complaint"), which alleges that during the Class Period, Defendants made false and misleading statements to investors concerning JCPenney's liquidity, need for additional financing, sufficiency of

1258408_5

inventory, and strength of supplier relationships that artificially inflated JCPenney's stock price, and those statements resulted in substantial damage to the Class.

From the outset of the Action, Defendants have denied all of these allegations and consistently maintained that they never made any statement to the market that was false or misleading, nor did they ever direct anyone to make public statements that were false or misleading.  Defendants believed at the time and still believe that, during the Class Period and at all other times, JCPenney's public statements were truthful, accurate and not misleading.  As a result Plaintiffs cannot prove any element of securities fraud, including, but not limited to, falsity,  scienter and loss causation.

On September 11, 2015, Magistrate Judge Mitchell issued a report recommending that Defendants' motion to dismiss be denied.  On September 29, 2015, Judge Schneider issued an order adopting Judge Mitchell's report.   Thereafter, Defendants filed an answer denying all material allegations of the Complaint and asserting their defenses.  On March 8, 2017, the Court entered an order appointing Plaintiff NSPF as class representative and certifying the Class defined as: "All persons who, between August 20, 2013 and September 26, 2013 (the "Class Period"), purchased or otherwise acquired J.C. Penney Company, Inc. securities, and were damaged thereby.  Excluded from the Class are current and former defendants, members of the immediate family of any current or former defendants, directors, officers, subsidiaries and affiliates of J.C. Penney Company, Inc., any person, firm, trust, corporation, officer, director or other individual or entity in which any current or former defendant has a controlling interest, and the legal representatives, affiliates, heirs, successors-in-interest or assigns of any such excluded party."  The pleadings and briefing submitted in connection with class certification made clear that this class definition includes persons who, during the same period, sold JCPenney put options and were damaged thereby.

- 2 -

During the Action the parties engaged in two unsuccessful mediation sessions with Judge Daniel Weinstein (Ret.).  However, the parties continued discussions with Judge Weinstein, and on April 17, 2017, the parties provisionally agreed to settle the Action for financial consideration in the amount of Ninety-Seven Million, Five Hundred Thousand Dollars ($97,500,000.00), subject to their ability to reach agreement on several non-monetary terms that were still being negotiated.  At that time, Lead Plaintiff was unwilling to stay additional litigation, and Lead Counsel continued to pursue discovery, including by deposing a third-party witness on April 20, 2017.  On April 21, 2017, the parties finalized a written term sheet, which documented their agreement to the financial consideration and several contested non-monetary settlement terms. The term sheet provided, among other things, that the mediator was vested with binding authority to promptly resolve a term that was still being negotiated if the parties were unable to resolve it themselves, and it included terms to expedite the preparation and filing of formal settlement documentation.  As of April 21, 2017, the parties also agreed to cancel then-scheduled depositions and to seek to stay further litigation activity while they finalized the Settlement Agreement.

## II.    CLAIMS OF PLAINTIFFS AND BENEFITS OF SETTLEMENT

Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit. However, Plaintiffs and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against the Defendants through trial. Plaintiffs and Lead Counsel also have taken into account the uncertain outcome and the risk of trial, especially in complex matters such as this Action, as well as the risks posed by the difficulties and delays relating to post-trial motions, and potential appeals of the Court's determination of said motions, or the verdict of a jury.  Plaintiffs and Lead Counsel also are aware of the defenses to the securities law violations asserted in the Action.  Plaintiffs and Lead

1258408_5

Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Class in light of the circumstances present here.  Based on their evaluation, Plaintiffs and Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of the Class.

## III.    THE DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

The Defendants have denied and continue to deny that they violated the federal securities laws or any laws and maintain that their conduct was at all times proper and in compliance with all applicable law.  Defendants have denied and continue to deny specifically each and all of the claims and contentions alleged in the Action, along with all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.  Defendants also have denied and continue to deny, *inter alia*, the allegations that any of the Defendants made, knowingly or otherwise, any material misstatements or omissions; that Defendants acted recklessly or with culpable intent; that any member of the Class has suffered any damages; that the price of JCPenney securities was artificially inflated by reason of the alleged misrepresentations, omissions, or otherwise; or that the members of the Class were harmed by the conduct alleged in the Action or that could have been alleged as part of the Action.  In addition, the Defendants maintain that they have meritorious defenses to all claims alleged in the Action.

Nonetheless, taking into account the uncertainty, risks, costs, and distraction inherent in any litigation, especially in complex cases such as this Action, Defendants have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation.  As set forth in ¶¶8.2-8.3 below, this Stipulation shall in no event be construed as or deemed to be evidence of an admission or concession by

1258408_5

Defendants or any of the Released Persons with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

## IV.   TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs (for themselves and the members of the Class), on the one hand, and Defendants, on the other hand, by and through their respective counsel of record, that, subject to the approval of the Court, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the parties from the Settlement set forth herein, the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, as to Plaintiffs and the Defendants, upon and subject to the terms and conditions of the Stipulation, as follows.

### 1.   Definitions

As used in the Stipulation the following terms have the meanings specified below:

1.1   "Authorized Claimant" means any member of the Class who submits a timely and valid Proof of Claim and Release form and whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2   "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.3   "Class" means all persons who purchased or otherwise acquired JCPenney common stock or call options, or who sold JCPenney put options, between August 20, 2013 and September 26, 2013, inclusive (the "Class Period").  Excluded from the Class are any current or former defendant and any current or former director, officer, subsidiary and affiliate of JCPenney, or members of the immediate family of current and former defendants, as well as any person, firm, trust, corporation, officer, director or other individual or entity in which any current

or former defendant has a controlling interest, and the legal representatives, affiliates, heirs, successors-in-interest or assigns of any such excluded party.

1.4    "Class Member" means a Person who falls within the definition of the Class as set forth in ¶1.3 of this Stipulation.

1.5    "Class Period" means the period from August 20, 2013 to September 26, 2013, inclusive.

1.6    "Defendants" means JCPenney, Myron E. Ullman, III, and Kenneth H. Hannah.

1.7    "Effective Date" means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

1.8    "Escrow Account" means the account controlled by the Escrow Agent.

1.9    "Escrow Agent" means Robbins Geller Rudman & Dowd LLP or its successor(s).

1.10    "Final" means when the last of the following with respect to the Judgment shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal the Judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an appeal is taken, the determination of that motion or appeal in such a manner as to permit the consummation of the Settlement, in accordance with the terms and conditions of this Stipulation.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal which concerns only the issue of attorneys' fees and expenses or any Plan of Allocation of the Settlement Fund.

1.11    "Judgment" means the judgment and order of dismissal with prejudice to be rendered by the Court upon approval of the Settlement, substantially in the form attached hereto as Exhibit B.

1.12    "Lead Counsel" means Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101.

1.13    "Net Settlement Fund" means the portion of the Settlement Fund that shall be distributed to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court, after provision for the amounts set forth in ¶5.4 of this Stipulation.

1.14    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and his, her or its spouses, heirs, predecessors, successors, representatives, or assignees.

1.15    "Plaintiffs" means the NSPF and David O'Connell.

1.16    "Plaintiffs' Counsel" means any counsel who have appeared for any of the Plaintiffs in the Action.

1.17    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the Settlement, Taxes and Tax Expenses and such attorneys' fees, costs, expenses, and interest and other expenses as may be awarded by the Court. Any Plan of Allocation is not part of the Stipulation and the Released Persons shall have no responsibility or liability with respect to the Plan of Allocation.

1.18    "Related Persons" means, with respect to the Defendants, each and all of their respective present or former parents, subsidiaries, affiliates, successors and assigns, and each and all of their respective present or former officers, directors, employees, employers, attorneys,

accountants, financial advisors, commercial bank lenders, insurers, reinsurers, investment bankers, representatives, general and limited partners and partnerships, heirs, executors, administrators, successors, affiliates, agents, spouses, associates, and assigns of each of them or any trust of which any Defendant and/or their Related Persons is the settlor or which is for the benefit of any Defendant and/or their Related Persons and/or member(s) of his or her family and any entity in which any such Defendant and/or their Related Persons has a controlling interest.

1.19    "Released Claims" means any and all claims and causes of action of every nature and description whatsoever whether known or unknown, whether arising under federal, state, common or foreign law, whether class or individual in nature, that Lead Plaintiff NSPF or any other member of the Class asserted in the Action or could have asserted in any forum that arise out of or are based upon or related in any way to (i) the purchase or acquisition of JCPenney common stock or call options, or the sale of JCPenney put options, and (ii) the allegations, transactions, facts, matters, or occurrences, representations or omissions involved, set forth, or referred to in the Complaint.   "Released Claims" includes "Unknown Claims" as defined in ¶1.26 hereof.

1.20    "Released Persons" means each and all of Defendants and each and all of their Related Persons.

1.21    "Settlement Amount" means the principal amount of Ninety-Seven Million, Five Hundred Thousand Dollars ($97,500,000.00), to be paid pursuant to ¶2.1 of this Stipulation. Such amount is paid as consideration for full and complete settlement of all the Released Claims.

1.22    "Settlement Fund" means the Settlement Amount, together with all interest and income earned thereon after being transferred to an account controlled by the Escrow Agent, and which may be reduced by payments or deductions as provided for herein or by Court order.

1.23    "Settling Parties" means Defendants and Lead Plaintiff on behalf of itself and the Class Members.

1.24    "Tax Expenses" means expenses and costs incurred in connection with the calculation and payment of taxes or the preparation of tax returns and related documents including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs relating to filing (or failing to file) the returns described in ¶2.8.

1.25    "Taxes" means all taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund as described in ¶2.8.

1.26    "Unknown Claims" means any Released Claims which Plaintiffs or any Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement.   With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest extent permitted by law the provisions, rights, and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiffs shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. Plaintiffs and Class Members may hereafter discover facts in addition to or different from those

which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, whether or not previously or currently asserted in any action. Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and an essential term of the Settlement of which this release is a part.

## 2.    The Settlement

### a.    The Settlement Fund

2.1    Defendants shall cause the Settlement Amount to be transferred to an account controlled by the Escrow Agent no later than fourteen (14) days – or with notice and good cause for delay, up to twenty-one (21) days – after the later of (i) entry of the Order Preliminarily Approving Settlement and Providing for Notice, in the form of Exhibit A attached hereto (the "Notice Order"), and (ii) the provision to Defendants of the information necessary to effectuate a payment of funds, including a completed W-9 for the Settlement Fund, all necessary wire transfer instructions, and check payee and address information ("Payment Date").  These funds, together with any interest and income earned thereon once transferred, shall constitute the Settlement Fund.

2.2    If the entire Settlement Amount is not deposited into the Escrow Account by the Payment Date, Lead Counsel may terminate the Settlement but only if: (i) Lead Counsel has notified Defendants' counsel in writing of Lead Counsel's intention to terminate the Settlement,

1258408_5

and (ii) the entire Settlement Amount is not transferred to the Escrow Account within three (3) calendar days after Lead Counsel has provided such written notice.

>          **b.      The Escrow Agent**

2.3      The Escrow Agent shall invest the Settlement Fund deposited pursuant to ¶2.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All costs and risks related to the investment of the Settlement Fund in accordance with the guidelines set forth in this paragraph shall be borne by the Settlement Fund.

2.4      The Escrow Agent shall not disburse the Settlement Fund except (a) as provided in the Stipulation, (b) by an order of the Court, or (c) with the written agreement of counsel for the Settling Parties.

2.5      Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation.  The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to, the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

2.6      All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.7      Prior to the Effective Date, the Escrow Agent, without further approval of Defendants or the Court, may pay from the Settlement Fund notice and administration costs ("Class Notice and Administration Costs") associated with the administration of the Settlement,

including, without limitation: the cost of identifying and locating members of the Class, mailing the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and Proof of Claim and Release and publishing notice (such amount shall include, without limitation, the actual costs of publication, printing and mailing the Notice, and reimbursement to nominee owners for forwarding notice to their beneficial owners), soliciting Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any, and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims.

### c.      Taxes

### Qualified Settlement Fund

2.8      (a)      The Settling Parties agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treasury Regulation §1.468B-1.   In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.8, including the "relation-back election" (as defined in Treasury Regulation §1.468B-1) back to the earliest permitted date.   Such elections shall be made in compliance with the procedures and requirements contained in such regulations.   It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)      For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.   Lead Counsel shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the

returns described in Treasury Regulation §1.468B-2(k)).  Such returns (as well as the election described in ¶2.8(a) hereof) shall be consistent with this ¶2.8 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.8(c) hereof.

(c)     All (a) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Persons or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes, and (b) Tax Expenses, including expenses and costs incurred in connection with the operation and implementation of this ¶2.8 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.8), shall be paid out of the Settlement Fund; in all events the Released Persons and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses.  The Settlement Fund shall indemnify and hold each of the Released Persons and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(l)(2)); neither the Released Persons nor their counsel are responsible nor shall they have any liability therefor.  The Settling Parties

hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.8.

(d)     For the purpose of this ¶2.8, references to the Settlement Fund shall include both the Settlement Fund and any earnings thereon.

### d.     Termination of Settlement

2.9     In the event the Stipulation is not approved or is terminated, canceled, or fails to become effective for any reason, including, without limitation, in the event the Judgment is reversed or vacated following any appeal taken therefrom, the Settlement Fund (including accrued interest), less expenses actually incurred or due and owing for Class Notice and Administration Costs, Taxes or Tax Expenses pursuant to ¶¶2.7 or 2.8, shall be refunded pursuant to ¶¶6.2 and 7.4 and written instructions from Defendants' counsel.

### 3.     Notice Order and Settlement Hearing

3.1     Promptly after execution of the Stipulation, the Settling Parties shall submit the Stipulation together with its exhibits (the "Exhibits") to the Court and shall apply for entry of the Notice Order, which shall include, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation, and approval for the mailing of the Notice and publication of a summary notice, in the forms of Exhibits A-1 and A-3 attached hereto.  The Notice shall include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application, and the date of the hearing to approve the Settlement of the Action as set forth herein ("Settlement Hearing").

3.2     Lead Counsel shall request that after notice is given to the Class, the Court hold the Settlement Hearing and approve the Settlement of the Action as set forth herein.  At or after the Settlement Hearing, Lead Counsel also shall request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

- 14 -

**4.      Releases**

4.1      Upon the Effective Date, Plaintiffs and each of the Class Members (who have not validly opted out of the Class) and their predecessors, successors, agents, representatives, attorneys, and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged against the Released Persons (whether or not such Class Members execute and deliver the Proof of Claim and Release forms) any and all Released Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims.

4.2      Upon the Effective Date, Plaintiffs and each of the Class Members who have not validly opted out of the Class shall be permanently barred and enjoined from the institution, maintenance, prosecution, or enforcement against any Released Person, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims), as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims.

4.3      The Proof of Claim and Release to be executed by Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.4      Upon the Effective Date, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, each and all of the Class Members, and Plaintiffs' Counsel from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in

- 15 -

connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims.

### 5.     Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund

5.1     The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall provide notice of the Settlement to the Class, shall administer and calculate the claims submitted by Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.2     Defendants and their counsel shall make good faith efforts to provide within seven (7) days following the entry of preliminary approval, and without any charge to Lead Plaintiff or the Class, shareholder lists, as appropriate for providing notice to the Class.  In accordance with the schedule set forth in the Notice Order, Lead Counsel will cause the Notice, substantially in the form of Exhibit A-1 attached hereto, and a Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, to be mailed by the Claims Administrator to all shareholders of record, or nominees.  The Notice and Proof of Claim and Release form shall also be posted on the Claims Administrator's website.  In accordance with the schedule set forth in the Notice Order, a summary notice, substantially in the form of Exhibit A-3 attached hereto, will also be published once in the national edition of *The Wall Street Journal* and once over the *Business Wire*.  The cost of providing such notice shall be paid out of the Settlement Fund.

5.3     The Notice shall set forth the terms of the Stipulation, including the proposed Plan of Allocation and Lead Counsel's request for attorneys' fees and expenses; the date and time of the Settlement Hearing; the right to object to the Settlement, proposed Plan of Allocation, or request for fees and expenses; the right to appear at the Settlement Hearing; and the right to

request exclusion from the Class.  The Notice and Proof of Claim and Release form shall also be posted on the Claims Administrator's website.

5.4     The Settlement Fund shall be applied as follows:

(a)     to pay all Class Notice and Administration Costs;

(b)     to pay all Taxes and Tax Expenses described in ¶2.8 hereof;

(c)     to pay Plaintiffs' Counsel's attorneys' fees and expenses (the "Fee and Expense Award") and Plaintiffs' expenses, if and to the extent allowed by the Court;

(d)     to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.5     Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with ¶¶5.6-5.9 below.

5.6     Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, postmarked (if mailed) or received (if filed electronically) by no later than ninety (90) calendar days after the Notice Date (as defined in Exhibit A attached hereto), or such other time as may be set by the Court (the "Bar Date"), signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release and as are reasonably available to such Person.

5.7     Except as otherwise ordered by the Court, all Class Members who fail to submit a Proof of Claim and Release by the Bar Date, or such other period as may be ordered by the Court, or who submit a Proof of Claim and Release that is rejected, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in

- 17 -

all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation), to accept late-submitted claims for processing so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

5.8     The Claims Administrator shall calculate the claims of Authorized Claimants in accordance with the Plan of Allocation set forth in the Notice and approved by the Court. Following the Effective Date, the Claims Administrator shall send to each Authorized Claimant his, her, or its *pro rata* share of the Net Settlement Fund.

5.9     Defendants shall not have a reversionary interest in the Net Settlement Fund.  If there is any balance remaining in the Net Settlement Fund after a reasonable amount of time following the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants who negotiated the checks sent to them in the initial distribution and who would receive at least $10.00 in an equitable and economical fashion.  These reallocations shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance shall then be donated to an appropriate non-profit organization designated by Lead Counsel.

5.10    The Released Persons shall have no responsibility for, interest in, or liability whatsoever with respect to the processing, review, determination or calculation of any claims, the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes, or any losses incurred in connection therewith.

5.11    Defendants shall take no position with respect to the Plan of Allocation or any other such plan as may be approved by the Court.

5.12    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth therein, or any other orders entered pursuant to the Stipulation.  Class Members and Defendants shall be bound by the terms of this Stipulation, irrespective of whether the Court disapproves or modifies the Plan of Allocation.

5.13    No Person shall have any claim against Plaintiffs, Plaintiffs' Counsel, Released Persons, Defendants' counsel, or the Claims Administrator based on distributions made substantially in accordance with the Settlement, the Stipulation, and the Plan of Allocation, or otherwise as further ordered by the Court.

## 6.    Lead Counsel's Attorneys' Fees and Expenses

6.1    Lead Counsel may submit an application or applications (the "Fee and Expense Application") for (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Action; plus (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court.  Any and all such fees, expenses and costs awarded by the Court (whether payable to Lead Counsel or Plaintiffs) shall be payable solely out of the Settlement Fund.  In addition, Plaintiffs NSPF or David O'Connell may submit an application for an award from the Settlement Fund pursuant to 15 U.S.C. §77z-1(a)(4) for time and expenses incurred in representing the Class.

6.2     The attorneys' fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately upon entry of the Court's order awarding such fees and expenses.  This provision shall apply notwithstanding timely objections to, potential for appeal from, or collateral attack on, the Settlement or the award of fees and expenses.  Lead Counsel shall thereafter allocate the attorneys' fees amongst other Plaintiffs' Counsel in a manner that Lead Counsel in good faith believes reflects the contributions of such counsel to the prosecution and resolution of the Action.  Any such awards shall be paid solely by the Settlement Fund.  In the event that the Judgment or the order awarding such fees and expenses paid to Lead Counsel pursuant to ¶6.1 and this ¶6.2 is reversed or modified, or if the Settlement is canceled or terminated for any reason, then Lead Counsel shall, in an amount consistent with such reversal or modification, refund such fees or expenses to the Settlement Fund pursuant to ¶2.9, plus the interest earned thereon, within fourteen (14) days from receiving notice from Defendants' counsel or from a court of competent jurisdiction.  Any refunds required pursuant to this paragraph shall be the joint and several obligation of each Plaintiffs' Counsel to make appropriate refunds or repayments to the Settlement Fund.  Each Plaintiffs' Counsel, as a condition of receiving such fees or expenses on behalf of itself and each partner and/or shareholder of it, agrees that its law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.3     The procedure for and the allowance or disallowance by the Court of the Fee and Expense Application, to be paid out of the Settlement Fund, are not part of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Action.

1258408_5

6.4     Neither Defendants nor Defendants' insurers shall have any responsibility for any payment of attorneys' fees and expenses to Lead Counsel or any Class Member's counsel apart from payment of the Settlement Amount pursuant to ¶2.1.

6.5     If so ordered in the Notice Order, Plaintiffs' Counsel shall be entitled to provisional payment of 75% of their litigation expenses, subject to Plaintiffs' Counsels' joint and several obligation to make appropriate refunds or repayments to the Escrow Account plus interest if, and when, as a result of any final order, the final expense award is lower than the amount provisionally paid or the Stipulation is terminated or canceled by a final judgment or order not subject to further review.

**7.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     execution of the Stipulation and such other documents as may be required to obtain final Court approval of the Stipulation in a form satisfactory to the Settling Parties;

(b)     Defendants have not exercised their option to terminate the Stipulation pursuant to ¶7.3 hereof;

(c)     the Court has entered the Notice Order, substantially in the form of Exhibit A hereto, as required by ¶3.1 hereof;

(d)     the Court has entered the Judgment that, *inter alia*, dismisses with prejudice the Action, as to Plaintiffs and the Defendants, as set forth above; and

(e)     the Judgment has become Final, as defined in ¶1.10 hereof.

7.2     Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely

and forever extinguished.  If all of the conditions specified in ¶7.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Lead Counsel and counsel for Defendants on behalf of their respective clients mutually agree in writing to proceed with the Settlement.

7.3     If Persons who otherwise would be members of the Class have timely and validly requested exclusion from the Class in accordance with the provisions of the Notice Order and the Notice given pursuant thereto, and if the total number of shares of JCPenney common stock and shares underlying exchange-traded call options on JCPenney common stock purchased or acquired, or exchange-traded put options sold, by such Persons during the Class Period equals or exceeds an amount specified in a separate Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement") executed between Plaintiffs and Defendants, then Defendants shall have the option to terminate this Stipulation and Settlement in accordance with the procedures set forth in the Supplemental Agreement.  The Supplemental Agreement will not be filed with the Court unless and until a dispute between Plaintiffs and Defendants concerning their interpretation or application arises.  Copies of all requests for exclusion received, together with copies of all written revocations of requests for exclusion, shall be delivered to Defendants' counsel by Lead Counsel within the sooner of two (2) days of Lead Counsel's receipt or seven (7) days prior to the Settlement Hearing.  JCPenney may terminate the Stipulation and Settlement by serving written notice of termination on the Court and Lead Counsel on or before ten (10) days after the deadline for requests for exclusion, on or before five (5) days after the Court grants additional time for exclusion for any reason, or on or before three (3) days before the Settlement Hearing, whichever occurs last.  In the event that JCPenney serves a written notice of termination, JCPenney may withdraw its written notice of termination by providing written notice of such withdrawal to Lead Counsel and to the Court by no later than 5:00 PM

Central Time on the day prior to the Settlement Hearing, or by such later date as shall be agreed upon in writing as between Lead Counsel and Defendants' counsel.

7.4     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within fourteen (14) days after written notification of such event is sent by counsel for Defendants or to the Escrow Agent, the Settlement Fund (including accrued interest), less expenses which have either been incurred or disbursed pursuant to ¶¶2.7 or 2.8 hereof, shall be refunded pursuant to written instructions from Defendants' counsel.  At the request of counsel for Defendants, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any expenses incurred in connection with such application(s) for refund, at the written direction of Defendants' counsel.

7.5     In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Action as of April 20, 2017. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.26, 2.8-2.9, 7.2, and 8.4-8.5 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*, and the Settling Parties shall be deemed to return to their status as of April 20, 2017.  No order of the Court or modification or reversal on appeal of any such order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees and expenses, and interest awarded by the Court to Lead Counsel or Plaintiffs shall constitute grounds for cancellation or termination of the Stipulation.

7.6     JCPenney warrants and represents that, as of the time this Stipulation is executed and as of the time the Settlement Amount is actually transferred or made as reflected in this Stipulation, it is not "insolvent" within the meaning of 11 U.S.C. §101(32).   If, before the Settlement becomes Final, JCPenney files for protection under the Bankruptcy Code, or any similar law, or a trustee, receiver, conservator, or other fiduciary is appointed under bankruptcy, or any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money or any portion thereof to the Escrow Agent by or on behalf of JCPenney to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited with the Escrow Agent by others, then, at the election of Lead Plaintiff, the Settling Parties shall jointly move the Court to vacate and set aside the release given and the Judgment entered in favor of the Defendants and that the Defendants and Plaintiffs and the members of the Class shall be restored to their litigation positions as of April 20, 2017.

## 8.     Miscellaneous Provisions

8.1     The Settling Parties (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation expeditiously.

8.2     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Action.   The Settlement shall not be deemed an admission by any Settling Party or any of the Released Persons as to the merits of any claim or defense.   The Settling Parties and their counsel agree that they shall not assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense or settlement of the Action, and the Final Judgment shall contain a finding that all Settling

1258408_5

Parties and their counsel complied with the requirements of Rule 11 with respect to the institution, prosecution, defense, and resolution of the Action.  The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated in good faith at arm's length by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

8.3     Neither the Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Plaintiffs were not valid or that the amount recoverable was not greater than the Settlement amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  The Released Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.4     All agreements made and orders entered during the course of the Action relating to the confidentiality of documents and information shall survive this Stipulation.

8.5     All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.6     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

- 25 -

8.7     No waiver of any term or provision of this Settlement Agreement, or of any breach or default hereof or hereunder, shall be valid or effective unless in writing and signed by or on behalf of all Settling Parties or their respective successors-in-interest.  No waiver of any term or provision of this Settlement Agreement, or of any breach or default hereof or hereunder, shall be construed as a waiver of the same or any other term or provision or of any previous or subsequent breach thereof.

8.8     The Stipulation and the Exhibits attached (together with the Supplemental Agreement referred to in ¶7.3) hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any Settling Party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein (or, as between Defendants, in any separate agreements between them), each Settling Party shall bear its own costs.

8.9     The Settlement is not conditioned upon the settlement or approval of settlement of any derivative suits or other suits.

8.10    This Settlement Agreement shall be construed and interpreted to effectuate the intent of the Settling Parties, which is to resolve completely those claims and disputes, including in the Action, and as more fully described herein.  If any provision of this Settlement Agreement shall be determined to be invalid, void, or illegal, such provision shall be construed and amended in a manner that would permit its enforcement, but in no event shall such provision affect, impair, or invalidate any other provision hereof.

8.11    Neither the Class Members nor Defendants shall be bound by the Stipulation if the Court modifies material terms thereof, provided, however, that it shall not be a basis for Class Members to terminate the Settlement if the Court modifies any proposed Plan of

Allocation or criteria for allocation of the Net Settlement Fund amongst Authorized Claimants, or the Plan of Allocation is modified on appeal.  Nor shall it be a basis to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to attorneys' fees or expenses or the distribution of the Net Settlement Fund.  Notwithstanding any such modification of the terms or Plan of Allocation or the Stipulation with respect to attorneys' fees or expenses, Defendants and Defendants' insurers shall be entitled to all benefits of the Settlement and shall not, under any circumstances, be called upon to contribute additional funds to the Settlement Fund.

8.12    Lead Counsel, on behalf of the Class, is expressly authorized by Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which it deems appropriate.

8.13    Plaintiffs and Lead Counsel represent and warrant that none of the Plaintiffs' claims or causes of action referred to in this Action or this Stipulation has been assigned, encumbered, or in any manner transferred in whole or in part.

8.14    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any Settling Party hereby warrants that such Person has the full authority to do so.

8.15    All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given (i) when delivered personally to the recipient, (ii) one (1) business day after being sent to the recipient by UPS (charges prepaid), or (iii) five (5) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

***If to Plaintiffs or to Plaintiffs' Counsel***:

Jonah H. Goldstein
Robert R. Henssler Jr.
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, California 92101

***If to Defendants or to Defendants' Counsel***:

Meryl L. Young
Gibson, Dunn & Crutcher LLP
3161 Michelson Drive
Irvine, CA  92612

Jason J. Mendro
Gibson, Dunn & Crutcher LLP
1050 Connecticut Ave., N.W.
Washington, DC  20036

8.16    The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.

8.17    The Stipulation shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Settling Parties hereto.

8.18    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

8.19    Pending approval of the Court of the Stipulation and its Exhibits, all proceedings in this Action shall be stayed, and all members of the Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

8.20    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of Texas, and the

1258408_5

rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Texas, without giving effect to that State's choice-of-law principles.

8.21    This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and the Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated June 14, 2017.

ROBBINS GELLER RUDMAN
  & DOWD LLP
JONAH H. GOLDSTEIN
ROBERT R. HENSSLER JR.


                s/ Robert R. Henssler Jr.
              ROBERT R. HENSSLER JR.

655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Lead Counsel for Plaintiffs

WARD, SMITH & HILL, PLLC
T. JOHN WARD, JR. (State Bar No. 00794818)
JACK WESLEY HILL (State Bar No. 24032294)
1127 Judson Road, Suite 220
Longview, TX  75601
Telephone:  903/757-6400
903/757-2323 (fax)

Liaison Counsel

- 29 -

GIBSON, DUNN & CRUTCHER LLP
MERYL L. YOUNG


_____
s/ Meryl L. Young
MERYL L. YOUNG

3161 Michelson Drive
Irvine, CA 92612-4412
Telephone: 949/451-3800
949/451-4220 (fax)

GIBSON, DUNN & CRUTCHER LLP
ROBERT C. WALTERS (SBN 20820300)
OLIVIA A. ADENDORFF (SBN 24069994)
2100 McKinney Avenue, Suite 1100
Dallas, TX 75201-6912
Telephone: 214/698-3100
214/571-2900 (fax)

GIBSON, DUNN & CRUTCHER LLP
JASON J. MENDRO
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: 202/995-8500
202/467-0539 (fax)

POTTER MINTON, PC
MICHAEL E. JONES (SBN 10929400)
110 North College, Suite 500
Tyler, TX 75702
Telephone: 903/597-8311
903/593-0846 (fax)

Attorneys for Defendants
J.C. Penney Company, Inc., Myron E. Ullman, III
and Kenneth H. Hannah

- 30 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 14, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on June 14, 2017.

s/ Robert R. Henssler Jr.
ROBERT R. HENSSLER JR.

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  bhenssler@rgrdlaw.com

**Mailing Information for a Case 6:13-cv-00736-RWS-KNM Marcus v. J.C. Penney Company, Inc. et al**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Thomas Robert Ajamie**
  tajamie@ajamie.com,dmolloy@ajamie.com

- **X Jay Alvarez**
  jaya@rgrdlaw.com

- **Benjamin D Bianco**
  bdb@msf-law.com

- **Thomas Emerson Bilek**
  tbilek@bileklaw.com,lmank@bileklaw.com

- **Austin P Brane**
  abrane@rgrdlaw.com,jillk@rgrdlaw.com,e_file_sd@rgrdlaw.com,lmix@rgrdlaw.com

- **John Frederick Bufe**
  johnbufe@potterminton.com,vrt@potterminton.com

- **James Albert Caputo**
  jimc@rgrdlaw.com

- **Roger F Claxton**
  roger@claxtonlaw.com

- **Rachel A Cocalis**
  rcocalis@rgrdlaw.com,jillk@rgrdlaw.com

- **Jonah H Goldstein**
  jonahg@rgrdlaw.com,ldeem@rgrdlaw.com

- **Roger Bruce Greenberg**
  roger@smglawgroup.com,sam@smglawgroup.com

- **David J Harris , Jr**
  dharris@rgrdlaw.com

- **Claire Abernathy Henry**
  claire@wsfirm.com,wbc@wsfirm.com,ak@wsfirm.com,hmarlowe@wsfirm.com

- **Robert R Henssler , Jr**
  bhenssler@rgrdlaw.com,jillk@rgrdlaw.com,ldeem@rgrdlaw.com

- **Jack Wesley Hill**
  wh@wsfirm.com,wbc@wsfirm.com,ak@wsfirm.com,hmarlowe@wsfirm.com

- **Michael Kevin Hurst**
  mhurst@lynnllp.com,tashworth@lynnllp.com,mslusser@lynnllp.com,jguild@lynnllp.com,hturgeon@lynnllp.com,jsandler@lynnllp.com,bcongdon@lynnllp.com

- **JC Penney Investor Group**
  kpuls@pulslaw.com

- **Daniel Ward Jackson**
  daniel@jacksonlaw-tx.com,beverly@jacksonlaw-tx.com,scott@jacksonlaw-tx.com

- **Michael E Jones**
  mikejones@potterminton.com,CMECF@potterminton.com,jovallery@potterminton.com

- **Elton Joe Kendall**
  jkendall@kendalllawgroup.com,administrator@kendalllawgroup.com

- **Brian C Kerr**
  kerr@browerpiven.com

- **Rocky M Lawdermilk**
  rocky@rocklaws.com,brenda@rocklaws.com

- **Jamie Jean McKey**
  jmckey@kendalllawgroup.com,administrator@kendalllawgroup.com

- **Jason Jacob Mendro**
  jmendro@gibsondunn.com,kohara@gibsondunn.com

- **Danielle Suzanne Myers**
  dmyers@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Lissa M Percopo**
  lpercopo@gibsondunn.com,vlomax@gibsondunn.com

- **Ira Michael Press**
  ipress@kmllp.com

- **William Kelly Puls**
  kpuls@pulslaw.com,msmith@pulslaw.com,kelly.puls@gmail.com

- **Darren Jay Robbins**
  darrenr@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Samuel H Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com

- **Hillary B Stakem**
  hstakem@rgrdlaw.com,ldeem@rgrdlaw.com

- **Michael W Stocker**
  mstocker@labaton.com,drogers@labaton.com,ravan@labaton.com,lmehringer@labaton.com,electroniccasefiling@labaton.com

- **Robert C Walters**
  rwalters@gibsondunn.com,kmoody@gibsondunn.com,cfitzgerald@gibsondunn.com

- **David Conrad Walton**
  davew@rgrdlaw.com,ldeem@rgrdlaw.com

- **Thomas John Ward , Jr**
  jw@wsfirm.com,wbc@wsfirm.com,ak@wsfirm.com,hmarlowe@wsfirm.com

- **Meryl L Young**
  myoung@gibsondunn.com,pmclean@gibsondunn.com,cfitzgerald@gibsondunn.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)