IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ALAN B. MARCUS, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>J.C. PENNEY COMPANY, INC., et al.,<br><br>　　　　　　　　　Defendants. | § Civil Action No. 6:13-cv-00736-RWS-KNM<br>§ (Consolidated)<br>§<br>§ CLASS ACTION<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**ORDER AWARDING ATTORNEYS' FEES AND EXPENSES AND AWARDS TO
PLAINTIFFS PURSUANT TO 15 U.S.C. §78u-4(a)(4)**

This matter came before the Court on December 5, 2017 on the motion of Lead Counsel for an award of attorneys' fees and expenses (the "Fee Motion"). The Magistrate Judge issued a Report and Recommendation recommending that the Court award attorneys' fees (Docket No. 176) and no objections were filed. The Court, having considered all papers filed and proceedings conducted herein, having found the Settlement of this litigation to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefore;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. This Order incorporates by reference the definitions in the Settlement Agreement dated June 14, 2017 (the "Settlement Agreement"), and all capitalized terms used, but not defined herein, shall have the same meanings as set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all members of the Class who have not timely and validly requested exclusion.

3. Notice of Lead Counsel's Fee Motion was given to all Class Members who could be located with reasonable effort. The form and method of notifying the Class of the Fee Motion met the requirements of Rule 23 of the Federal Rules of Civil Procedure and 15 U.S.C. §78u-4(a)(7), the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. The Court hereby awards Lead Counsel attorneys' fees of 30% of the Settlement Amount (or $29,250,000), plus expenses in the amount of $868,760.57, together with the interest earned on both amounts for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is appropriate and that the amount of fees awarded is fair and reasonable under the "percentage-of-recovery" method.

5. The awarded attorneys' fees and expenses and interest earned thereon shall be paid to Lead Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Settlement Agreement, and in particular, ¶6.2 thereof, which terms, conditions, and obligations are incorporated herein.

6. In making this award of fees and expenses to Lead Counsel, the Court has considered and found that:

(a) the Settlement has created a fund of $97,500,000 in cash that is already on deposit, and numerous Class Members who submit, or have submitted, valid Proof of Claim and Release forms will benefit from the Settlement created by Lead Counsel;

(b) over 107,000 copies of the Notice were disseminated to potential Class Members indicating that Lead Counsel would move for attorneys' fees in an amount not to exceed one-third of the Settlement Amount and for expenses in an amount not to exceed $950,000, and no objections to the fees or expenses were filed by Class Members;

(c) Lead Counsel has pursued the Action and achieved the Settlement with skill, perseverance and diligent advocacy;

(d) Lead Counsel has expended substantial time and effort pursuing the Action on behalf of the Class;

(e) Lead Counsel pursued the Action on a contingent basis, having received no compensation during the Action, and any fee amount has been contingent on the result achieved;

(f) the Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(g) had Lead Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from Defendants;

    (h)    Plaintiffs' Counsel have devoted over 18,500 hours, with a lodestar value of $9,210,496.75, to achieve the Settlement;

    (i)    public policy concerns favor the award of reasonable attorneys' fees and expenses in securities class action litigation; and

    (j)    the attorneys' fees and expenses awarded are fair and reasonable and consistent with awards in similar cases within the Fifth Circuit.

7.    Any appeal or any challenge affecting this Court's approval regarding the Fee Motion shall in no way disturb or affect the finality of the Judgment entered with respect to the Settlement.

8.    Pursuant to 15 U.S.C. §78u-4(a)(4), the Court awards $10,200.00 to Lead Plaintiff National Shopmen Pension Fund and $1,500.00 to Plaintiff David O'Connell for the time they spent directly related to their representation of the Class.

9.    In the event that the Settlement is terminated or does not become Final or the Effective Date does not occur in accordance with the terms of the Settlement Agreement, this Order shall be rendered null and void to the extent provided in the Settlement Agreement and shall be vacated in accordance with the Settlement Agreement.

**IT IS SO ORDERED.**

**SIGNED this 5th day of January, 2018.**

*(signature)*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE